**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MOORE, | ) | FILED: MAY 16, 2008 |
| | ) | 08CV2862   RCC |
| Plaintiff, | ) | JUDGE ZAGEL |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| vs. | ) | No. |
| | ) | |
| PEERLESS GROUP, INC., THE | ) | (Cook County Circuit Court |
| PEERLESS GROUP, PEERLESS | ) | case no. 2008 L 003437) |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, and | ) | |
| In the alternative SHAFFER | ) | |
| MANUFACTURING CORP. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |
| | ) | |

<u>**DEFENDANT SHAFFER MANUFACTURING CORP.'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**</u>

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE

HUNT LAW GROUP, LLC, hereby gives notice that this action has been removed from

the Circuit Court of Cook County, Law Division, of the State of Illinois to the United

States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28

U.S.C. §§ 1332, 1441 and 1446, and respectfully states to the Court as follows:

1.      The plaintiff filed a civil complaint, captioned *Kenneth Moore v. Peerless*

*Group, Inc., The Peerless Group, Peerless Machinery Corp., Peerless Confection*

*Company and Shaffer Manufacturing Corp.*, Case No. 2008 L 003437, on March 28,

2008 in the Law Division of the Circuit Court of Cook County in the State of Illinois.

The complaint alleges that the plaintiff sustained great injuries as a result of defendants'

negligence from an accident that occurred on or about November 10, 2006 in Chicago,

Illinois.  The plaintiff alleges that the plaintiff's injuries were caused by a defective

brownie mixer manufactured and sold by the defendants. [See Complaint and Jury Demand, attached hereto as Exhibit A.]

2.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court by the defendant pursuant to 28 U.S.C. § 1441(a) given that it is a civil action between citizens of different states, the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this Court is the District Court of the United States for the district and division encompassing the place where the action is pending.

3.    The plaintiff, Kenneth Moore, is now and was at the time of the commencement of this lawsuit a resident and citizen of the State of Illinois, and is not a resident or citizen of the same state as any real or non-nominal defendant.

4.    The plaintiff named Shaffer Manufacturing Corp. as a defendant in this case. Shaffer Manufacturing Corp. is an Ohio Corporation with its principal place of business in Urbana, Ohio.

5.    The defendant, Shaffer Manufacturing Corp., was served with the complaint on April 17, 2008. [See Summons and Proof of Service attached hereto as Exhibit B.]

6.    The plaintiff also named Peerless Group, Inc., The Peerless Group, Peerless Machinery Corp., and Peerless Confection Company as defendants in this case.

7.    Of the named defendants, Peerless Group, Inc., The Peerless Group, Peerless Machinery Corp., and Peerless Confection Company, a summons was only issued against Peerless Confection Company. [See summons issued against Peerless Confection Company attached hereto as Exhibit C.]

8.    The plaintiff failed to serve the issued summons and Complaint upon Peerless Confection Company.  As such, Peerless Group, Inc., The Peerless Group, Peerless Machinery Corp., and Peerless Confection Company have not been served with the summons and Complaint in this case. [See proof of failed service attached hereto as Exhibit D.]

9.    In his Complaint, the plaintiff makes allegations against and refers to Peerless Group, Inc., The Peerless Group, Peerless Machinery Corp., and Peerless Confection Company collectively as "Peerless" – indicating the plaintiff's belief that Peerless Group, Inc., The Peerless Group, Peerless Machinery Corp., and Peerless Confection Company are associated entities engaged in the same business operations.

10. .   Peerless Machinery Corp. d/b/a The Peerless Group is an Ohio Corporation with its principal place of business in Sidney, Ohio engaged in the business of manufacturing bakery equipment such as the mixer at issue in plaintiff's Complaint. [See affidavit of John Garmhausen, duly authorized agent of PMC International f/k/a Peerless Machinery Corp. d/b/a The Peerless Group attached hereto as Exhibit E.]

11.    Upon information and good faith belief, Peerless Group, Inc. is not an Illinois corporation and does not engage in any business in the State of Illinois and has no affiliation with or association with Peerless Machinery Corp., The Peerless Group or Peerless Confection Company.

12.    Also, Peerless Confection Company is not affiliated with or associated with The Peerless Group or Peerless Machinery Corp. in any way whatsoever.  [See Exhibit E.]

13.    Based upon information obtained from the Illinois Secretary of State, Peerless Confection Company, is a now-defunct Illinois Corporation that is no longer in good standing.

14.    Upon information and good faith belief, Peerless Confection Company's business operations were not in any way related to the plaintiff's cause of action. Peerless Confection Company was in the business of producing candy and other confectionary products and was not in the business of manufacturing bakery equipment such as the brownie mixer which the plaintiff alleges was defective and was the cause of his injuries. Indeed, it seems that Peerless Confection Company's only relation to this case is that it shared the name "Peerless" with defendants Peerless Group, Inc., The Peerless Group, and Peerless Machinery Corp.

15.    In determining whether complete diversity exists, courts must only look at those parties "who are real and substantial parties to the controversy." Vandervest v. Wisconsin Central, Ltd., 936 F.Supp. 601, 603 (E.D. Wisc. 1996); citing Navarro Savings Association v. Lee, 446 U.S. 458, 461 (1980). Inclusion of nominal parties in pleadings does not affect diversity jurisdiction. Vandervest, 936 F.Supp. at 603; citing Matchett v. Wold, 818 F.2d 574, 576 (7th Cir. 1987); see also H.F. Vegter Excavation Co. v. Village of Oak Brook, 790 F.Supp. 184, 186 (N.D. Ill. 1992) (holding that the absence of nominal or fraudulently joined parties from the removal petition does not defeat removal). A defendant is a nominal party if there is no reasonable basis for predicting that it will be held liable. Vandervest, 936 F.Supp. at 604; citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993).

4

16.    In this case, Peerless Confection Company is a nominal party that has no bearing on the determination of complete diversity.  Peerless Confection Company, as stated above, has no relationship with defendants Peerless Machinery Group and The Peerless Group and was not in the business of manufacturing bakery equipment such as the brownie mixer which is the subject of the plaintiff's complaint.  As such, there is no reasonable basis for predicting that Peerless Confection Company could be held liable to the defendant.  Therefore, the inclusion of Peerless Confection Company, which was an Illinois Corporation, as a named defendant has no bearing on the determination of whether diversity exists between the plaintiff and defendants.

17.    As Peerless Confection Company and Peerless Group, Inc. have not been served, their consent is not necessary for removal of this matter.  Shaw v. Dow Brands, Inc., 994 F.2d 364, 368-69 (7th Cir. 1993).

18.    The defendants, Peerless Machinery Corp. and The Peerless Group, although not yet served, expressly consent to removal of this case to this Court.  [See Exhibit E.]

19.    As previously noted, for diversity jurisdiction to exist as a proper basis of removal, the matter in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).

20.    The plaintiff's complaint includes a prayer for relief in "an amount that **greatly exceeds** the jurisdictional minimum of this Court" to satisfy the jurisdictional requirement of the Law Division of the Circuit Court of Cook County (the jurisdictional minimum for the Law Division of the Circuit Court of Cook County is $50,000.)  [See Complaint, attached hereto as Exhibit A, emphasis added.]    In addition, the plaintiff

alleges that, as a result of the accident, the plaintiff's "right hand was caught in the double arm mixers blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries." Therefore, it is defendant's good faith belief that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

21.     This Notice of Removal is being filed within thirty days of the receipt of the plaintiff's complaint as prescribed by 28 U.S.C. § 1446(b). Plaintiff's complaint was filed on March 28, 2008 and the defendant Shaffer Manufacturing Corp. was served with a copy of the complaint on April 17, 2008. This notice is filed on May 16, 2008, within thirty days of the date of service of the plaintiff's complaint. [See Exhibit B.]

22.     A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County of Illinois promptly after the filing of this Notice of Removal. Written notice of the filing of this Notice of Removal and a copy of the Notice of Removal will also be provided to plaintiff's counsel as required by 28 U.S.C. § 1446(d).

23.     Attached to this Notice of Removal, as Exhibits A, B, C, and D, are true and correct copies of all process, pleadings, and orders filed in the aforesaid action.

WHEREFORE, the defendant SHAFFER MANUFACTURING CORP., hereby gives notice that the matter captioned *Kenneth Moore v. Peerless Group, Inc., The Peerless Group, Peerless Machinery Corp., Peerless Confection Company and Shaffer Manufacturing Corp*, Case No. 2008 L 003437 filed in the Law Division of the Circuit Court of Cook County in the State of Illinois is removed to the United States District Court for the Northern District of Illinois, Eastern Division.

**THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY.**


Respectfully submitted,

THE HUNT LAW GROUP, LLC


By:     /s/ Brian J. Hunt
        Brian J. Hunt
        ID Number 6208397


THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 West Washington, 18th Floor
Chicago, Illinois 60606
(312) 384-2300

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 16th day of May 2008, before 5:00 p.m.


/s/ Brian J. Hunt _____
BRIAN J. HUNT


THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| PEERLESS GROUP, INC., THE | ) | (Cook County Circuit Court |
| PEERLESS GROUP, PEERLESS | ) | case no. 2008 L 003437) |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, and | ) | |
| In the alternative SHAFFER | ) | |
| MANUFACTURING CORP. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |
| | ) | |

## EXHIBIT LIST

1.    Exhibit A – Complaint at Law and Jury Demand.

2.    Exhibit B – Summons and Proof of Service upon Shaffer Manufacturing Corp.

3.    Exhibit C – Summons issued against Peerless Confection Company.

4.    Exhibit D – Proof of Failed Service against Peerless Confection Company.

5.    Exhibit E – Affidavit of John Garmhausen

# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Kenneth Moore, | ) | |
| | ) | |
| Plaintiff, | ) | **2008L003437** |
| | ) | **CALENDAR/ROOM D** |
| vs. | ) | **TIME 00:00** |
| | ) No. | **PI Motor Vehicle** |
| | ) | |
| Peerless Group, Inc., The Peerless Group, | ) | |
| Peerless Machinery Corp., Peerless | ) | |
| Confection Company, | ) | |
| | ) | |
| and, in the alternative, | ) | |
| | ) | |
| Shaffer Manufacturing Corp, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

**NOW COMES** Plaintiff, KENNETH MOORE, by and through his attorneys Cochran,

Cherry, Givens, Smith & Montgomery, LLC, and for his Complaint against the Defendant,

PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP.,

PEERLESS CONFECTION COMPANY, hereinafter PEERLESS, and in the alternative

SHAFFER MANUFACTURING CORP., hereinafter, SHAFFER, states as follows:

### PARTIES

1.      At all relevant times, Plaintiff, KENNETH MOORE, was a resident of the City

of Chicago, County of Cook, State of Illinois.

2.      At all relevant times, Peerless, was a corporation, licensed, operating and doing

business in the State of Illinois.

3.      At all relevant times, Shaffer, was a corporation, licensed, operating and doing

1

business in the State of Illinois.

<u>COUNT I</u>
(NEGLIGENCE - PEERLESS)

4.      That prior to November 10, 2006, Defendant, Peerless, designed, manufactured, and sold commercial-sized double arm mixers, including the browner mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

5.      That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial sized brownie mixer to Guernsey Bel Seasonings, Inc.

6.      Upon information and belief, sometime in March 2003, Kerry Inc. bought the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

7.      That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial sized double arm mixer at 4300 S. Morgan, Chicago, Illinois to prepare a batch of brownies in the course of his daily work.

8.      That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

9.      That the commercial-sized double arm mixer was designed and manufactured by the Defendant, Peerless, and at all times thereafter up to and including the time of the occurrence complained of, the mixer was not reasonably safe in design and manufacture in one or more the of the following respects, that the Defendant:

2

a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.    failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.    failed to provide and post adequate warnings to users as to the dangers of the machine;

d.    failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

10.    That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixers blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, for said damages including personal injury sustained as a result of the negligence of Defendant, PEERLESS GROUP, INC.,

3

THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION

COMPANY, in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the

cost of this action and any additional relief as the Court shall deem just and proper.

## COUNT II
### (STRICT LIABILITY - PEERLESS)

1- 3.    Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as

though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

4.    That on November 10, 2006, and for a long time prior to that date, the defendant,

Peerless a corporation, was engaged in the business of manufacturing , for ultimate sale to other

companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for

the purposes of making brownies.

5.    That on and prior to November 10, 2006, the Defendant, Peerless, manufactured

and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who

placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

6.    That at the time the double arm mixer was manufactured by the Defendant,

Peerless, the mixer was not reasonably safe for its intended use in that there was a 6in space

between the mixing bowl and lid that could be accessed by the user and:

      a.    The double arm mixer was not equipped with guards adequate to protect

          users of the machine and prevent their hands from accidentally being

          caught in and injured by the rotating blades;

      b.    There were not adequate devices to cut off and stop the rotation of those

          blades in an emergency situation;

4

      c.      There were no adequate warnings as to the dangers of the machine;

      d.      The instructions and labels furnished with the product were not in

              conformity with generally recognized standards in the industry.

    7.     That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, Peerless.

    8.     That the plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

    9.     That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

    **WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, for said damages including personal injury sustained as a result of the negligence of Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, in an amount that greatly exceeds the jurisdictional minimum of this Court, plus his cost of this action and any additional relief as the Court shall deem just and proper.

## COUNT III
## (NEGLIGENCE - SHAFFER)

1 - 3.        Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

4.        That prior to November 10, 2006, Defendant, Shaffer, designed, manufactured, and sold commercial-sized double arm mixers, including the double arm mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

5.        That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial-sized double arm mixer to Guernsey Bel Seasonings, Inc.

6.        Upon information and belief, sometime in March 2003, Kerry Inc. purchased the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

7.        That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial-sized double arm mixer to prepare a batch of brownies as was his duties.

8.        That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

9.        That the double arm mixer was designed and manufactured by the Defendant, Shaffer, and at all times thereafter, up to and including the time of the occurrence complained of, the double arm mixer was not reasonably safe in design and manufacture in one or more the of

6

the following respects, that the Defendant:

    a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    failed to provide and post adequate warnings to users as to the dangers of the machine;

    d.    failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

10.    That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixing machine blade and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation, and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, SHAFFER MANUFACTURING CORP. for said damages including personal injury sustained as a result of the negligence of Defendant, SHAFFER MANUFACTURING

CORP., in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost

of this action and any additional relief as the

## COUNT IV
### (STRICT LIABILITY - SHAFFER)

1- 3.   Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as

though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

4.   That on November 10, 2006, and for a long time prior to that date, the defendant,

SHAFFER, a corporation, was engaged in the business of manufacturing , for ultimate sale to

other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a

corporation, for the purposes of making brownies.

5.   That on and prior to November 10, 2006, the Defendant, SHAFFER,

manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry

Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago,

Illinois.

6.   That at the time the double arm mixer was manufactured by the Defendant,

SHAFFER, the mixer was not reasonably safe for its intended use in that there was a 6in space

between the mixing bowl and lid that could be accessed by the user and:

      a.   The double arm mixer was not equipped with guards adequate to protect

            users of the machine and prevent their hands from accidentally being

            caught in and injured by the rotating blades;

      b.   There were not adequate devices to cut off and stop the rotation of those

            blades in an emergency situation;

8

c.     There were no adequate warnings as to the dangers of the machine;

d.     The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

7.     That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, SHAFFER.

8.     That the Plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

9.     That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, SHAFFER MANUFACTURING CORP., for said damages including personal injury sustained as a result of the negligence of Defendant, SHAFFER MANUFACTURING CORP., in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost of this action and any additional relief as the Court shall deem just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

BY:  *Beverly Spearman*
One of Plaintiff's Attorneys

James D. Montgomery
Beverly P. Spearman
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
(312) 977-0200
(312) 977-0209 fax
Firm ID No. 37432

10

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Kenneth Moore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2008L003437** |
| vs. | ) | No. **CALENDAR/ROOM D** |
| | ) | **TIME 00:00** |
| Peerless Group, Inc., The Peerless Group, | ) | **PI Motor Vehicle** |
| Peerless Machinery Corp., Peerless | ) | |
| Confection Company, | ) | |
| | ) | |
| and, in the alternative, | ) | |
| | ) | |
| Shaffer Manufacturing Corp, | ) | |
| | ) | |
| Defendants. | ) | |

FILED-2
2008 MAR 28 PM 12: 11
CIRCUIT COURT O. COOK
COUNTY ILLINOIS
LAW DIVISION
DOROTHY BROWN
CLERK

**JURY DEMAND**

The undersigned demands a trial by jury.

Respectfully submitted,

By: _Beverly Spearman_

One of Plaintiff's Attorneys

James D. Montgomery
Beverly P. Spearman
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle Street, Suite 2450
Chicago, IL. 60602
Phone: (312) 977-0200
Fax:    (312) 977-0209
Firm I.D. No. 37432

# EXHIBIT B

4·25                                                                    010

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served by Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 3/21/95) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

```
REF CASE    # 08L 003437
1 LAW                    50.00
1 MILEAGE                10.00
REF SHERIFF # 033834
CASE TOTAL               60.00 *
```

KENNETH MOORE,.                              )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )       No.
                                             )
                                             )         2008L003437
                                             )         CALENDAR/ROOM D
Peerless Group, Inc., The Peerless Group,    )       Please Serve TIME 00:00
Peerless Machinery Corp., Peerless Confection Company, )   PI Motor Vehicle
and, in the alternative,                     )       Registered Agent
Shaffer Manufacturing Corp,                  )       CT Corporation
                    Defendant.               )       208 S. Lasalle Street
                                             )       suite 814
                                                     Chicago, Illinois 60604

                            SUMMONS

To each defendant: Shaffer Manufacturing Corporation, Registered Agent CT Corporation , 208 S. Lasalle Street, suite 814, Chicago, Illinois 60604

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:
        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

+------------------------------------------+
| There will be a fee of $188.00 to file your Appearance, |
| or you may present an Application to Sue or Defend as   |
| a Poor Person (form #CCG-19). If approved by the       |
| Presiding Judge, the fee will be waived.               |
+------------------------------------------+

MAR 2 8 2008

WITNESS .............................., 2008

                                         Clerk of Court

Cochran, Cherry, Givens, Smith, & Montgomery, L.L.C.
Attorney for Plaintiff
1North Lasalle St., Suite 2450
Chicago, Illinois  60602          Date of service: ........................., 2008
(312) 977-0200                          (To be inserted by officer on copy left with
**Firm I.D. 37432**                      defendant or other person)
Service by facsimile will be accepted at (312) 977-0209

        DOROTHY BROWN , CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
    *  Law Division Room 801
        Chancery-Divorce Room 802
        County Division Room 801
        Probate Division Room 1202

D:\SUMMONS.FRM 03288

TYPE LAW          SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS          DISTRICT 010

SHERIFF'S NUMBER 033834-001L CASE NUMBER 08LJ03437   DEPUTY: ___ STROM 3696-

FILED DT 03-28-2008 RECEIVED DT 04-14-2008 DIE DT 04-25-2008 MULTIPLE SERVICE   1
    DEFENDANT                                    ATTORNEY
SHAFFER MANUFACTURING CORP.                      COCHRAN, CHERRY, GIVENS, SMITH
208 S LA SALLE ST                                1 N LA SALLE ST
CHICAGO IL. 60604                                CHICAGO IL. 60602
SUITE#814                                        312 977-0200
PLAINTIFF KENNETH MOORE

SERVICE INFORMATION: REG. AGENT CT CORPORATION  LM

*************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
             DAY OF _____ 20  , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION X COMPANY   BUSINESS   PARTNERSHIP _____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY   3696-

   1 SEX  M/F   RACE H  AGE 34
   2 NAME OF DEFENDANT SHAFFER MANUFACTURING CORP
       WRIT SERVED ON
   THIS 17 DAY OF APR, 20__ TIME 1000 A.M./P.M.

   ADDITIONAL REMARKS _____

*************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED

TYPE OF BLDG _____                ATTEMPTED SERVICES

NEIGHBORS NAME _____      DATE      TIME A.M./P.M.

      ADDRESS _____       _____  ___:___ ____

         REASON NOT SERVED:          _____  ___:___ ____
              07 EMPLOYER REFUSAL
___ 01 MOVED      08 RETURNED BY ATTY  _____  ___:___ ____
___ 02 NO CONTACT   09 DECEASED        _____  ___:___ ____
___ 03 EMPTY LOT    10 BLDG DEMOLISHED
___ 04 NOT LISTED   11 NO REGISTERED AGT.  _____  ___:___ ____
___ 05 WRONG ADDRESS  12 OTHER REASONS  _____  ___:___ ____
___ 06 NO SUCH ADDRESS  13 OUT OF COUNTY  _____  ___:___ ____

FEE   .00   MILEAGE   .00   TOTAL   .00                SG86

# EXHIBIT C

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served by Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev. 3/21/95) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

KENNETH MOORE,

        Plaintiff,

    v.

Peerless Group, Inc., The Peerless Group,
Peerless Machinery Corp., Peerless Confection Company,
and, in the alternative,
Shaffer Manufacturing Corp,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No.

**2008L003437
CALENDAR/ROOM D
TIME 00:00
PI Motor Vehicle**

**Please Serve**
Peerless Confection Company
Registered Agent
Richard C. Lyman
7383 N. Lincoln Ave
Lincolnwood, Illinois 60712

```
000056-1.1.1 03/28/08 12:26
REF CASE  # 08L 003437
   1 LAW                    50.00
   1 MILEAGE                10.00
REF SHERIFF # 033835
   CASE TOTAL              60.00 *
   TOTAL                  120.00 TL
CHECK I                   120.00
CASHIER: DENISE
```

**SUMMONS**

To each defendant: Peerless Confection Company , Registered Agent Richard C. Lyman, 7383 N. Lincoln Ave, Lincolnwood , Illinois 60712

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

> There will be a fee of $188.00 to file your Appearance, or you may present an Application to Sue or Defend as a Poor Person (form #CCG-19). If approved by the Presiding Judge, the fee will be waived.

MAR 2 8 2008

WITNESS ..............................., 2008

(SEAL)

                    Clerk of Court

Cochran, Cherry, Givens, Smith, & Montgomery, L.L.C.
Attorney for Plaintiff
1North Lasalle St., Suite 2450
Chicago, Illinois 60602
(312) 977-0200
**Firm I.D. 37432**
Service by facsimile will be accepted at (312) 977-0209

Date of service: ..............................., 2008
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN , CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

* Law Division Room 801
  Chancery-Divorce Room 802
  County Division Room 801
  Probate Division Room 1202

D:SUMMONS.FRM 03288

# EXHIBIT D

SHERIFF'S NUMBER 033835-001L CASE NUMBER 08L003437    DEPUTY: _____

FILED DT 03-28-2008 RECEIVED DT 04-14-2008 DIE DT 04-25-2008 MULTIPLE SERVICE    1
DEFENDANT                                    ATTORNEY
PEERLESS CONFECTION CO.                      COCHRAN, CHERRY, GIVENS, SMITH
7383 N LINCOLN AV                            1 N LA SALLE ST
LINCOLNWOOD IL. 60712                        CHICAGO IL. 60602
                                             312 977-0200

PLAINTIFF KENNETH MOORE

SERVICE INFORMATION: SRV REG. AGENT RICHARD C. LYMAN  LM

*********************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME_____
.....3 SERVICE ON:  CORPORATION___ COMPANY___ BUSINESS___ PARTNERSHIP_____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY

     1  SEX __M/F__ RACE_____ AGE_____
     2  NAME OF DEFENDANT PEERLESS CONFECTION CO. _____
        WRIT SERVED ON _____
        THIS ___ DAY OF ___, 20__ TIME ___ A.M.P.M.

ADDITIONAL REMARKS _DEF SYBIL DEF DOES NOT WORK HERE AND ONLY DO_
_THIER ACCOUNTING_
*********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG _2SY BRICK OFFICE_    ATTEMPTED SERVICES

NEIGHBORS NAME _____    DATE    TIME A.M./P.M.

     ADDRESS _____    ___  __:__ ___

        REASON NOT SERVED:                ___  __:__ ___
                07 EMPLOYER REFUSAL
__01 MOVED      08 RETURNED BY ATTY       ___  __:__ ___
__02 NO CONTACT 09 DECEASED               ___  __:__ ___
__03 EMPTY LOT  10 BLDG DEMOLISHED        ___  __:__ ___
__04 NOT LISTED 11 NO REGISTERED AGT.     ___  __:__ ___
__05 WRONG ADDRESS ✓12 OTHER REASONS      ___  __:__ ___
__06 NO SUCH ADDRESS __13 OUT OF COUNTY   ___  __:__ ___

FEE    .00   MILEAGE    .00   TOTAL    .00                SG86

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MOORE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| PEERLESS GROUP, INC., THE | ) | (Cook County Circuit Court |
| PEERLESS GROUP, PEERLESS | ) | case no. 2008 L 003437) |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, and | ) | |
| In the alternative SHAFFER | ) | |
| MANUFACTURING CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF JOHN GARMHAUSEN

The undersigned, John Garmhausen, being first duly sworn on oath, states as follows:

1.    I am a duly authorized agent of PMC International f/k/a Peerless Machinery Corp. d/b/a The Peerless Group.

2.    PMC International is organized under the laws of the State of Ohio with its principal place of business in Sidney, Ohio.

3.    Peerless Machinery Corp. d/b/a The Peerless Group was organized under the laws of the State of Ohio with its principal place of business in Sidney, Ohio.

4.    I am aware that The Peerless Group and Peerless Machinery Corp., have been named in a lawsuit filed in the Cook County Circuit Court, Law Division, Illinois, with Case No. 2008 L 003437.

5.    Peerless Machinery Corp. d/b/a The Peerless Group were in the business of manufacturing mixers such as the mixer described in the plaintiff's complaint.

6.     Peerless Machinery Corp. and The Peerless Group are not in any way affiliated with or associated with Peerless Confection Company, which has also been named as a defendant in the above-captioned lawsuit.

7.     Peerless Machinery Corp. and The Peerless Group hereby expressly consent to the removal of this matter to the United States District Court for the Northern District of Illinois – Eastern Division.

**FURTHER THE AFFIANT SAYETH NOT.**

By: _____
John Garmhausen

SWORN TO AND SUBSCRIBED
Before me this _____ day of May, 2008

_____
Notary Public

NIKKI C. ELSNER, Notary Public
In and for the State of Ohio
My Commission Expires, July 24, 2011

2