## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MOORE, | ) | FILED: MAY 16, 2008 |
| | ) | 08CV2862  RCC |
| Plaintiff, | ) | JUDGE ZAGEL |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| vs. | ) No. | |
| | ) | |
| PEERLESS GROUP, INC., THE | ) | (Cook County Circuit Court |
| PEERLESS GROUP, PEERLESS | ) | case no. 2008 L 003437) |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, and | ) | |
| In the alternative SHAFFER | ) | |
| MANUFACTURING CORP. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |
| | ) | |

### DEFENDANT'S ANSWER AND SPECIAL DEFENSES
### TO PLAINTIFF'S COMPLAINT AT LAW

Defendant, SHAFFER MANUFACTURING CORP. ("SHAFFER"), by its attorneys,

THE HUNT LAW GROUP, LLC, for its answer and special defenses to Plaintiff's Complaint at

Law, states as follows:

### PARTIES

1.      At all relevant times, Plaintiff, KENNETH MOORE, was a resident of the City of

Chicago, County of Cook, State of Illinois.

ANSWER:.    The defendant lacks sufficient information to admit or deny the allegations
contained in paragraph 1 and, therefore, denies same and demands strict proof
thereof.

2.      At all relevant times, Peerless, was a corporation, licensed, operating and doing

business in the State of Illinois.

ANSWER:     The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2 and, therefore, denies same and demands strict proof thereof.

3.     At all relevant times, Shaffer, was a corporation, licensed, operating and doing business in the State of Illinois.

ANSWER:     The defendant admits that it is an Ohio Corporation with its principal place of business in Urbana, Ohio, which does business in Illinois, and denies the remaining allegations contained in paragraph 3.

## COUNT I
### (NEGLIGENCE – PEERLESS)

4.     That prior to November 10, 2006, Defendant, Peerless, designed, manufactured, and sold commercial-sized double arm mixers, including the browner mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

ANSWER:     The defendant makes no answer to paragraph 4 as Count I is not directed toward SHAFFER.

5.     That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial sized brownie mixer to Guernsey Bel Seasonings, Inc.

ANSWER:     The defendant makes no answer to paragraph 5 as Count I is not directed toward SHAFFER.

6.    Upon information and belief, sometime in March, 2003, Kerry, inc. bought the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

ANSWER:    The defendant makes no answer to paragraph 6 as Count I is not directed toward SHAFFER.

7.    That on November 10, 2006, Plaintiff, Kenneth Moore, was an employee of Kerry Ingredients and was using and operating the commercial sized double arm mixer at 4300 S. Morgan, Chicago, Illinois to prepare a batch of brownies in the course of his daily work.

ANSWER:    The defendant makes no answer to paragraph 7 as Count I is not directed toward SHAFFER.

8.    That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

ANSWER:    The defendant makes no answer to paragraph 8 as Count I is not directed toward SHAFFER.

9.    That the commercial-sized double arm mixer was designed and manufactured by the Defendant, Peerless, and at all times thereafter up to and including the time of the occurrence complained of, the mixer was not reasonably safe in design and manufacture in one or more of the following respects, that the Defendant:

    a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.      failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.      failed to provide and post adequate warnings to users as to the dangers of the machine;

d.      failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

ANSWER:    The defendant makes no answer to paragraph 9 as Count I is not directed toward SHAFFER.

10.    That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, Kenneth Moore's, right hand was caught in the double arm mixer blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

ANSWER:    The defendant makes no answer to paragraph 10 as Count I is not directed toward SHAFFER.

## COUNT II
### (STRICT LIABILITY – PEERLESS)

1-3.    Plaintiff adopts and incorporates herein paragraphs 1, 2 and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

ANSWER:    The defendant re-states and re-alleges its answers to paragraphs 1 through 3 of this complaint, as though fully set forth herein.

4.    That on November 10, 2006, and for a long time prior to that date, the defendant, Peerless a corporation, was engaged in the business of manufacturing, for ultimate sale to other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for the purposes of making brownies.

ANSWER:    The defendant makes no answer to paragraph 4 as Count II is not directed toward SHAFFER.

5.    That on and prior to November 10, 2006, the Defendant, Peerless, manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

ANSWER:    The defendant makes no answer to paragraph 5 as Count II is not directed toward SHAFFER.

6.    That at the time the double arm mixer was manufactured by the Defendant, Peerless, the mixer was not reasonably safe for its intended use in that there was a 6in space between the mixing bowl and lid that could be accessed by the user and:

     a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

     b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

     c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

ANSWER:    The defendant makes no answer to paragraph 6 as Count II is not directed toward SHAFFER.

7.    That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, Peerless.

ANSWER:    The defendant makes no answer to paragraph 7 as Count II is not directed toward SHAFFER.

8.    That the plaintiff, Kenneth Moore, was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

ANSWER:    The defendant makes no answer to paragraph 8 as Count II is not directed toward SHAFFER.

9.    That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

6

ANSWER:     The defendant makes no answer to paragraph 9 as Count II is not directed toward
            SHAFFER.


## COUNT III
### (NEGLIGENCE – SHAFFER)

1-3.     Plaintiff adopts and incorporates herein paragraphs 1, 2, and 3 of above as though

fully set forth herein as paragraphs 1, 2, and 3 of Count II (sic).

ANSWER:     The defendant re-states and re-alleges its answers to paragraphs 1 through 3 of
            this complaint, as though fully set forth herein.


4.     That prior to November 10, 2006, Defendant, Shaffer, designed, manufactured,

and sold commercial-sized double arm mixers, including the double arm mixer involved in the

occurrence hereinafter complained of which bore no detectable serial numbers at the time of the

incident complained of herein.

ANSWER:     The defendant admits that it sold commercial mixers and lacks sufficient
            information to admit or deny the remaining allegations contained in paragraph 4
            and, therefore, denies same and demands strict proof thereof.


5.     That prior to the date of the occurrence hereinafter complained of, the Defendant,

Peerless, sold that commercial-sized double arm mixer to Guernsey Bel Seasonings, Inc.

ANSWER:     The defendant lacks sufficient information to admit or deny the allegations
            contained in paragraph 5 and, therefore, denies same and demands strict proof
            thereof.

6.      Upon information and belief, sometime in March, 2003, Kerry Inc. purchased the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

ANSWER:     The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 6 and, therefore, denies same and demands strict proof thereof.

7.      That on November 10, 2006, Plaintiff, Kenneth Moore, was an employee of Kerry Ingredients and was using and operating the commercial-sized double arm mixer to prepare a batch of brownies as was his duties.

ANSWER:     The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 7 and, therefore, denies same and demands strict proof thereof.

8.      That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

ANSWER:     The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, denies same and demands strict proof thereof.

9.      That the double arm mixer was designed and manufactured by the Defendant, Shaffer, and at all times thereafter, up to and including the time of the occurrence complained of, the double arm mixer was not reasonably safe in design and manufacture in one or more of the following respects, that the Defendant:

a.  failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.  failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.  failed to provide and post adequate warnings to users as to the dangers of the machine;

d.  failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 and, therefore, denies same and demands strict proof thereof.

10.    That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, Kenneth Moore's, right hand was caught in the double arm mixing machine blade and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation, and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

ANSWER:    The defendant denies the allegations contained in paragraph 10.

WHEREFORE, defendant, SHAFFER MANUFACTURING CORP., denies that the plaintiff is entitled to a judgment against it for a any amount whatsoever and prays that judgment

be entered in favor of the defendant, SHAFFER MANUFACTURING CORP., and against the

plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.


## COUNT IV
## (STRICT LIABILITY – SHAFFER)

1-3.    Plaintiff adopts and incorporates herein paragraphs 1, 2, and 3 of above as though

fully set forth herein as paragraphs 1, 2, and 3 of Count II (sic).

ANSWER:    The defendant re-states and re-alleges its answers to paragraphs 1 through 3 of
this complaint.


4.    That on November 10, 2006 and for a long time prior to that date, the defendant,

SHAFFER, a corporation, was engaged in the business of manufacturing, for ultimate sale to

other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a

corporation, for the purpose of making brownies.

ANSWER:    The defendant admits that it sold commercial mixers and lacks sufficient
information to admit or deny the remaining allegations contained in paragraph 4
and, therefore, denies same and demands strict proof thereof.


5.    That on and prior to November 10, 2006, the Defendant, SHAFFER,

manufactured and later sold the double arm mixer to Guernsey Bel (later acquired by Kerry

Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago,

Illinois.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 and, therefore, denies same and demands strict proof thereof.

6.    That at the time the double arm mixer was manufactured by the Defendant, SHAFFER, the mixer was not reasonably safe for its intended use in that there was a 6in space between the mixing bowl and lid that could be accessed by the user and:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

ANSWER:    The defendant denies the allegations contained in paragraph 6.

7.    That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, SHAFFER.

ANSWER:    The defendant denies the allegations contained in paragraph 7.

8.    That the Plaintiff, Kenneth Moore, was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

ANSWER:    The defendant denies the allegations contained in paragraph 8.


9.    That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body, that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

ANSWER:    The defendant denies the allegations contained in paragraph 9.

WHEREFORE, defendant, SHAFFER MANUFACTURING CORP., denies that the plaintiff is entitled to a judgment against it for a any amount whatsoever and prays that judgment be entered in favor of the defendant, SHAFFER MANUFACTURING CORP., and against the plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.


**THE DEFENDANT, SHAFFER MANUFACTURING CORP.,
DEMANDS A TRIAL BY JURY**

## SPECIAL DEFENSES

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, pleading in the alternative and without prejudice to its answer to the plaintiff's Complaint at Law, asserts the following special defenses to the plaintiff's Complaint at Law:

## FIRST SPECIAL DEFENSE – ASSUMPTION OF RISK

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth the first special defense that the plaintiff's causes of action are barred by the assumption of the risk doctrine as the plaintiff knowingly encountered and accepted all risks associated with use of the product in question.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays for judgment in its favor and against the plaintiff and for any other relief the court deems just and appropriate.

## SECOND SPECIAL DEFENSE—MISUSE OF PRODUCT

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth the second special defense that the plaintiff was misusing the product which allegedly caused his injuries. Specifically, the plaintiff was using the product in question for a purpose neither intended nor reasonably foreseeable by the defendant. Such conduct on the part of the plaintiff is a bar to recovery by the plaintiff.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays for judgment in its favor and against the plaintiff and for any other relief the court deems just and appropriate.

## THIRD SPECIAL DEFENSE—COMPARATIVE FAULT

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth its third special defense as follows:

1.    At the date and time of the alleged occurrence, plaintiff, KENNETH MOORE, was under a duty to exercise ordinary and reasonable care for his safety.

2.    The plaintiff breached his duty pursuant to one or more of the following careless and negligent acts and/or omissions:

      (a)    Improperly placed his hands into an area containing pinch-points of which he was, or should have been, aware;

      (b)    Improperly attempted to clean or otherwise maintain the subject machinery;

      (c)    Failed to ascertain the safety and reasonableness of placing his hand(s) in the mixer;

      (d)    Failed to ensure that the machine was properly de-energized before inserting his hand(s) into the machinery; and

      (d)    Was otherwise careless and/or negligent.

3.    One or more of the above acts/omissions proximately caused the plaintiff's injuries.

4.    If the jury finds the contributory fault of the plaintiff to be 50% or more of the proximate cause of the injury for which recovery is sought pursuant to the plaintiff's Complaint at Law, plaintiff should be barred from recovering any damages whatsoever.

5.    If the jury finds the contributory fault of the plaintiff, KENNETH MOORE, to be 50% or less of the proximate cause of the injury for which recovery is sought pursuant to the plaintiff's Complaint at Law, plaintiff's recovery must then be reduced in proportion to the plaintiff's contributory fault.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays that any verdict pursuant to plaintiff's Complaint at Law should be barred or reduced to the same extent that the plaintiff's own conduct contributed to or caused the injuries or damages complained of, up to and including the bar of recovery of any verdict due to the plaintiff's own negligence.

## FOURTH SPECIAL DEFENSE – STATUTE OF REPOSE

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth its fourth special defense that the plaintiff's cause of action against defendant, SHAFFER MANUFACTURING CORP., is barred by the statute of repose set forth in 735 ILCS 5/13-213.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays for judgment in its favor and against the plaintiff and for any other relief the court deems just and appropriate.

**THE DEFENDANT, SHAFFER MANUFACTURING CORP., DEMANDS A TRIAL BY JURY**

Respectfully submitted,

THE HUNT LAW GROUP, LLC

By:    /s/ Brian J. Hunt
       Brian J. Hunt
       ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant, **Shaffer Manufacturing Corp.**
225 W. Washington Street – 18th Floor
Chicago, Illinois  60606
(312) 384-2300

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 16th day of May 2008, before 5:00 p.m.


/s/ Brian J. Hunt
BRIAN J. HUNT


THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

16