150-8006 AMO:irh #91348

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH MOORE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY CORP., PEERLESS CONFECTION COMPANY,<br><br>and, in the alternative,<br><br>SHAFFER MANUFACTURING CORP.,<br><br>　　　　　Defendants. | No. 08 cv 02862<br><br>Honorable James B. Zagel |

**DEFENDANT, PEERLESS MACHINERY CORPORATION'S,
d/b/a THE PEERLESS GROUP, ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, PEERLESS MACHINERY CORP. d/b/a THE PEERLESS GROUP, by and through its attorneys, **BULLARO & CARTON, P.C.**, and in response to Plaintiff's Complaint at Law states as follows:

**PARTIES**

1.　At all relevant times, Plaintiff, KENNETH MOORE, was a resident of the City of Chicago, County of Cook, State of Illinois.

　　**ANSWER:**　The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same and demands strict proof thereof.

1

2. At all relevant times, Peerless, was a corporation, licensed, operating and doing business in the State of Illinois.

> **ANSWER:** The Defendant admits that it was an Ohio corporation with its principal place of business in Sidney, Ohio which did business in Illinois but denies the remaining allegations contained in paragraph 2 and demands strict proof thereof.

3. At all relevant times, Shaffer, was a corporation, licensed, operating and doing business in the State of Illinois.

> **ANSWER:** The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 and therefore denies the same and demands strict proof thereof.

COUNT I
(NEGLIGENCE-PEERLESS)

4. That prior to November 10, 2006, Defendant, Peerless, designed, manufactured, and sold commercial-sized double arm mixers, including the brownie mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

> **ANSWER:** The Defendant admits that it designed, sold and manufactured commercial mixers but denies the remaining allegations contained in paragraph 4 and demands strict proof thereof.

5. That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial sized brownie mixer to Guernsey Bel Seasonings, Inc.

> **ANSWER:** The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies the same and demands strict proof thereof.

6.  Upon information belief, sometime in March 2003, Kerry, Inc. bought the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

> **ANSWER:** **The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies the same and demands strict proof thereof.**

7.  That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial sized double arm mixer at 4300 S. Morgan, Chicago, Illinois to prepare a batch of brownies in the course of his daily work.

> **ANSWER:** **The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 7 and therefore denies the same and demands strict proof thereof.**

8.  That on November 10, 2006, Plaintiff, KENNETH MOORE, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

> **ANSWER:** **The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 8 and therefore denies the same and demands strict proof thereof.**

9.  That the commercial-sized double arm mixer was designed and manufactured by the Defendant, Peerless, and at all times thereafter up to and including the time of the occurrence complained of, the mixer was not reasonable safe in design and manufacture in one or more of the following respects, that the Defendant:

    a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    failed to provide and post adequate warnings to users as to the dangers of the machine;

    d.    failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

**ANSWER**    **The Defendant denies the allegations contained in paragraph 9 including subparagraphs (a) through (d) inclusive and demands strict proof thereof.**

10. That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixers blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**ANSWER:**    **The Defendant denies the allegations contained in paragraph 10 and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum

3

whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT II
## (STRICT LIABILITY - PEERLESS)

1- 3. Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

> **ANSWER:** The Defendant restates and re-alleges its answers to paragraphs 1-3 of this Complaint.

4. That on November 10, 2006, and for a long time prior to that date, the defendant, Peerless, a corporation, was engaged in the business of manufacturing, for ultimate sale to other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for the purposes of making brownies.

> **ANSWER:** The Defendant admits that it manufactured and sold commercial mixers but denies the remaining allegations contained in paragraph 4 and demands strict proof thereof.

5. That on and prior to November 10, 2006, the Defendant, Peerless, manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

> **ANSWER:** The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies the same and demands strict proof thereof.

6. That at the time the double arm mixer was manufactured by the Defendant, Peerless, the mixer was not reasonably safe for its intended use in that there

5

was a 6 in space between the mixing bowl and lid that could be accessed by the user and:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

**ANSWER:** **The Defendant denies the allegations contained in paragraph 6 including subparagraphs (a) through (d) inclusive and demands strict proof thereof.**

7. That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, Peerless.

**ANSWER:** **The Defendant denies the allegations contained in paragraph 7 and demands strict proof thereof.**

8. That the plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

**ANSWER:** **The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 8 and therefore denies the same and demands strict proof thereof.**

9. That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiffs right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his

6

body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

> **ANSWER:** **The Defendant denies the allegations contained in paragraph 9 and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT III
### (NEGLIGENCE - SHAFFER)

> **The Defendant makes no answer to Count III as the allegations of Count III are not directed against this defendant and seek no relief from it. To the extent an answer is required or any allegation contained in Count III could be interpreted as being against this Defendant, this Defendant denies those allegations and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT IV
### (STRICT LIABILITY - SHAFFER)

The Defendant makes no answer to Count IV as the allegations of Count IV are not directed against this defendant and seek no relief from it. To the extent an answer is required or any allegation contained in Count IV could be interpreted as being against this Defendant, this Defendant denies those allegations and demands strict proof thereof.

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

        Respectfully submitted

        **BULLARO & CARTON, P.C.**

        By: s/Scott R. Sinson
            Peerless Machinery Corp. d/b/a
            The Peerless Group

**BULLARO & CARTON, P.C.**
200 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
(312) 831-1000
(F) (312) 831-0647