## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KENNETH MOORE,             )

                       )

       Plaintiff,          )

                       )

     vs.                 )     No.    08 cv 2862

                       )

PEERLESS GROUP, INC., THE   )     Judge Zagel

PEERLESS GROUP, PEERLESS   )

MACHINERY CORP., PEERLESS  )     Magistrate Judge Schenkier

CONFECTION COMPANY, and   )

In the alternative SHAFFER    )

MANUFACTURING CORP.      )

                       )

      Defendants.       )

                       )

## <u>MOTION FOR LEAVE TO FILE AMENDED SPECIAL DEFENSES</u>

Defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, pursuant to Federal Rule of Civil Procedure 14(a), hereby move for leave to file its Amended Special Defenses, and in support thereof, states as follows:

    1.     The defendant, SHAFFER MANUFACTURING CORP., filed special defenses to the plaintiff's complaint on May 16, 2008. (A copy of the special defenses is attached hereto as <u>Exhibit A</u>.)

    2.     The defendant, SHAFFER MANUFACTURING CORP., now seeks to file its Amended Special Defenses, a copy of which is attached hereto as <u>Exhibit B</u>.

    WHEREFORE, the defendants/third-party plaintiffs respectfully request that this Honorable Court enter an order granting the defendants/third-party plaintiffs leave to file their third-party complaint against third-party defendant, Patricia Bayaa, with summons to issue or for such further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

THE HUNT LAW GROUP, LLC

By:     /s/ Ajay I. Patel
        Ajay I. Patel
        ID Number 6287063

Brian J. Hunt
Ajay I. Patel
THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington Street – 18th Floor
Chicago, Illinois  60606
(312) 384-2300

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH MOORE,                          )        FILED: MAY 16, 2008
                                        )        08CV2862   RCC
            Plaintiff,                  )        JUDGE ZAGEL
                                        )        MAGISTRATE JUDGE SCHENKIER
       vs.                              )   No.
                                        )
PEERLESS GROUP, INC., THE               )   (Cook County Circuit Court
PEERLESS GROUP, PEERLESS                )   case no. 2008 L 003437)
MACHINERY CORP., PEERLESS               )
CONFECTION COMPANY, and                 )
In the alternative SHAFFER              )
MANUFACTURING CORP.                     )
                                        )
            Defendants.                 )        **JURY DEMAND**
                                        )

**DEFENDANT'S ANSWER AND SPECIAL DEFENSES
TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, SHAFFER MANUFACTURING CORP. ("SHAFFER"), by its attorneys,

THE HUNT LAW GROUP, LLC, for its answer and special defenses to Plaintiff's Complaint at

Law, states as follows:

**PARTIES**

1.     At all relevant times, Plaintiff, KENNETH MOORE, was a resident of the City of

Chicago, County of Cook, State of Illinois.

ANSWER:   The defendant lacks sufficient information to admit or deny the allegations
          contained in paragraph 1 and, therefore, denies same and demands strict proof
          thereof.

2.     At all relevant times, Peerless, was a corporation, licensed, operating and doing

business in the State of Illinois.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2 and, therefore, denies same and demands strict proof thereof.

3.    At all relevant times, Shaffer, was a corporation, licensed, operating and doing business in the State of Illinois.

ANSWER:    The defendant admits that it is an Ohio Corporation with its principal place of business in Urbana, Ohio, which does business in Illinois, and denies the remaining allegations contained in paragraph 3.

## COUNT I
### (NEGLIGENCE – PEERLESS)

4.    That prior to November 10, 2006, Defendant, Peerless, designed, manufactured, and sold commercial-sized double arm mixers, including the browner mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

ANSWER:    The defendant makes no answer to paragraph 4 as Count I is not directed toward SHAFFER.

5.    That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial sized brownie mixer to Guernsey Bel Seasonings, Inc.

ANSWER:    The defendant makes no answer to paragraph 5 as Count I is not directed toward SHAFFER.

2

6.    Upon information and belief, sometime in March, 2003, Kerry, inc. bought the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

ANSWER:    The defendant makes no answer to paragraph 6 as Count I is not directed toward SHAFFER.

7.    That on November 10, 2006, Plaintiff, Kenneth Moore, was an employee of Kerry Ingredients and was using and operating the commercial sized double arm mixer at 4300 S. Morgan, Chicago, Illinois to prepare a batch of brownies in the course of his daily work.

ANSWER:    The defendant makes no answer to paragraph 7 as Count I is not directed toward SHAFFER.

8.    That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

ANSWER:    The defendant makes no answer to paragraph 8 as Count I is not directed toward SHAFFER.

9.    That the commercial-sized double arm mixer was designed and manufactured by the Defendant, Peerless, and at all times thereafter up to and including the time of the occurrence complained of, the mixer was not reasonably safe in design and manufacture in one or more of the following respects, that the Defendant:

a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

3

b.  failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.  failed to provide and post adequate warnings to users as to the dangers of the machine;

d.  failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

ANSWER:  The defendant makes no answer to paragraph 9 as Count I is not directed toward SHAFFER.

10.  That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, Kenneth Moore's, right hand was caught in the double arm mixer blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

ANSWER:  The defendant makes no answer to paragraph 10 as Count I is not directed toward SHAFFER.

## COUNT II
### (STRICT LIABILITY – PEERLESS)

1-3.  Plaintiff adopts and incorporates herein paragraphs 1, 2 and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

ANSWER:    The defendant re-states and re-alleges its answers to paragraphs 1 through 3 of
this complaint, as though fully set forth herein.

4.    That on November 10, 2006, and for a long time prior to that date, the defendant,
Peerless a corporation, was engaged in the business of manufacturing, for ultimate sale to other
companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation,
for the purposes of making brownies.

ANSWER:    The defendant makes no answer to paragraph 4 as Count II is not directed toward
SHAFFER.

5.    That on and prior to November 10, 2006, the Defendant, Peerless, manufactured
and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who
placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

ANSWER:    The defendant makes no answer to paragraph 5 as Count II is not directed toward
SHAFFER.

6.    That at the time the double arm mixer was manufactured by the Defendant,
Peerless, the mixer was not reasonably safe for its intended use in that there was a 6in space
between the mixing bowl and lid that could be accessed by the user and:

a.    The double arm mixer was not equipped with guards adequate to protect
users of the machine and prevent their hands from accidentally being
caught in and injured by the rotating blades;

b.    There were not adequate devices to cut off and stop the rotation of those
blades in an emergency situation;

c.    There were no adequate warnings as to the dangers of the machine;

5

d.     The instructions and labels furnished with the product were not in

conformity with generally recognized standards in the industry.

ANSWER:     The defendant makes no answer to paragraph 6 as Count II is not directed toward SHAFFER.

7.     That by reason of the foregoing the mixer was not reasonably safe for its intended

use when it left the possession and control of the Defendant, Peerless.

ANSWER:     The defendant makes no answer to paragraph 7 as Count II is not directed toward SHAFFER.

8.     That the plaintiff, Kenneth Moore, was using the mixer and placed his hand

through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

ANSWER:     The defendant makes no answer to paragraph 8 as Count II is not directed toward SHAFFER.

9.     That as a direct and proximate result of the condition of the mixer as aforesaid,

the Plaintiff's right hand was caught in the double arm mixing machine blade and with great

force and violence, completely severed his right hand from his body; that as a result of his

injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he

has been and permanently will be hindered from attending to his affairs and duties and from

following his usual occupation and he has been, and will be, deprived of large earnings and

profits that he might otherwise have made, and he has been, and will be, compelled to expend or

become liable for large sums of money for the care and treatment of his injuries.

6

ANSWER:    The defendant makes no answer to paragraph 9 as Count II is not directed toward
SHAFFER.

## COUNT III
## (NEGLIGENCE – SHAFFER)

1-3.    Plaintiff adopts and incorporates herein paragraphs 1, 2, and 3 of above as though
fully set forth herein as paragraphs 1, 2, and 3 of Count II (sic).

ANSWER:    The defendant re-states and re-alleges its answers to paragraphs 1 through 3 of
this complaint, as though fully set forth herein.

4.    That prior to November 10, 2006, Defendant, Shaffer, designed, manufactured,
and sold commercial-sized double arm mixers, including the double arm mixer involved in the
occurrence hereinafter complained of which bore no detectable serial numbers at the time of the
incident complained of herein.

ANSWER:    The defendant admits that it sold commercial mixers and lacks sufficient
information to admit or deny the remaining allegations contained in paragraph 4
and, therefore, denies same and demands strict proof thereof.

5.    That prior to the date of the occurrence hereinafter complained of, the Defendant,
Peerless, sold that commercial-sized double arm mixer to Guernsey Bel Seasonings, Inc.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations
contained in paragraph 5 and, therefore, denies same and demands strict proof
thereof.

7

6.    Upon information and belief, sometime in March, 2003, Kerry Inc. purchased the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 6 and, therefore, denies same and demands strict proof thereof.

7.    That on November 10, 2006, Plaintiff, Kenneth Moore, was an employee of Kerry Ingredients and was using and operating the commercial-sized double arm mixer to prepare a batch of brownies as was his duties.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 7 and, therefore, denies same and demands strict proof thereof.

8.    That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, denies same and demands strict proof thereof.

9.    That the double arm mixer was designed and manufactured by the Defendant, Shaffer, and at all times thereafter, up to and including the time of the occurrence complained of, the double arm mixer was not reasonably safe in design and manufacture in one or more of the following respects, that the Defendant:

a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.    failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.    failed to provide and post adequate warnings to users as to the dangers of the machine;

d.    failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

ANSWER:    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 and, therefore, denies same and demands strict proof thereof.

10.    That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, Kenneth Moore's, right hand was caught in the double arm mixing machine blade and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation, and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

ANSWER:    The defendant denies the allegations contained in paragraph 10.

WHEREFORE, defendant, SHAFFER MANUFACTURING CORP., denies that the plaintiff is entitled to a judgment against it for a any amount whatsoever and prays that judgment

9

be entered in favor of the defendant, SHAFFER MANUFACTURING CORP., and against the

plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.

## COUNT IV
### (STRICT LIABILITY – SHAFFER)

1-3.    Plaintiff adopts and incorporates herein paragraphs 1, 2, and 3 of above as though

fully set forth herein as paragraphs 1, 2, and 3 of Count II (sic).

ANSWER:    The defendant re-states and re-alleges its answers to paragraphs 1 through 3 of
this complaint.

4.    That on November 10, 2006 and for a long time prior to that date, the defendant,

SHAFFER, a corporation, was engaged in the business of manufacturing, for ultimate sale to

other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a

corporation, for the purpose of making brownies.

ANSWER:    The defendant admits that it sold commercial mixers and lacks sufficient
information to admit or deny the remaining allegations contained in paragraph 4
and, therefore, denies same and demands strict proof thereof.

5.    That on and prior to November 10, 2006, the Defendant, SHAFFER,

manufactured and later sold the double arm mixer to Guernsey Bel (later acquired by Kerry

Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago,

Illinois.

<u>ANSWER:</u>    The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 and, therefore, denies same and demands strict proof thereof.

6.    That at the time the double arm mixer was manufactured by the Defendant, SHAFFER, the mixer was not reasonably safe for its intended use in that there was a 6in space between the mixing bowl and lid that could be accessed by the user and:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

<u>ANSWER:</u>    The defendant denies the allegations contained in paragraph 6.

7.    That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, SHAFFER.

<u>ANSWER:</u>    The defendant denies the allegations contained in paragraph 7.

8.    That the Plaintiff, Kenneth Moore, was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

ANSWER:    The defendant denies the allegations contained in paragraph 8.

9.    That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body, that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

ANSWER:    The defendant denies the allegations contained in paragraph 9.

WHEREFORE, defendant, SHAFFER MANUFACTURING CORP., denies that the plaintiff is entitled to a judgment against it for a any amount whatsoever and prays that judgment be entered in favor of the defendant, SHAFFER MANUFACTURING CORP., and against the plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.

**THE DEFENDANT, SHAFFER MANUFACTURING CORP.,**
**DEMANDS A TRIAL BY JURY**

12

## SPECIAL DEFENSES

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, pleading in the alternative and without prejudice to its answer to the plaintiff's Complaint at Law, asserts the following special defenses to the plaintiff's Complaint at Law:

## FIRST SPECIAL DEFENSE – ASSUMPTION OF RISK

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth the first special defense that the plaintiff's causes of action are barred by the assumption of the risk doctrine as the plaintiff knowingly encountered and accepted all risks associated with use of the product in question.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays for judgment in its favor and against the plaintiff and for any other relief the court deems just and appropriate.

## SECOND SPECIAL DEFENSE—MISUSE OF PRODUCT

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth the second special defense that the plaintiff was misusing the product which allegedly caused his injuries. Specifically, the plaintiff was using the product in question for a purpose neither intended nor reasonably foreseeable by the defendant. Such conduct on the part of the plaintiff is a bar to recovery by the plaintiff.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays for judgment in its favor and against the plaintiff and for any other relief the court deems just and appropriate.

## THIRD SPECIAL DEFENSE—COMPARATIVE FAULT

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT

LAW GROUP, LLC, sets forth its third special defense as follows:

1.    At the date and time of the alleged occurrence, plaintiff, KENNETH MOORE,

was under a duty to exercise ordinary and reasonable care for his safety.

2.    The plaintiff breached his duty pursuant to one or more of the following careless

and negligent acts and/or omissions:

      (a)    Improperly placed his hands into an area containing pinch-points of which
he was, or should have been, aware;

      (b)    Improperly attempted to clean or otherwise maintain the subject
machinery;

      (c)    Failed to ascertain the safety and reasonableness of placing his hand(s) in
the mixer;

      (d)    Failed to ensure that the machine was properly de-energized before
inserting his hand(s) into the machinery; and

      (d)    Was otherwise careless and/or negligent.

3.    One or more of the above acts/omissions proximately caused the plaintiff's

injuries.

4.    If the jury finds the contributory fault of the plaintiff to be 50% or more of the

proximate cause of the injury for which recovery is sought pursuant to the plaintiff's

Complaint at Law, plaintiff should be barred from recovering any damages whatsoever.

5.    If the jury finds the contributory fault of the plaintiff, KENNETH MOORE, to be

50% or less of the proximate cause of the injury for which recovery is sought pursuant to the

plaintiff's Complaint at Law, plaintiff's recovery must then be reduced in proportion to the

plaintiff's contributory fault.

14

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays that any verdict pursuant to plaintiff's Complaint at Law should be barred or reduced to the same extent that the plaintiff's own conduct contributed to or caused the injuries or damages complained of, up to and including the bar of recovery of any verdict due to the plaintiff's own negligence.

## FOURTH SPECIAL DEFENSE – STATUTE OF REPOSE

The defendant, SHAFFER MANUFACTURING CORP., by its attorneys, THE HUNT LAW GROUP, LLC, sets forth its fourth special defense that the plaintiff's cause of action against defendant, SHAFFER MANUFACTURING CORP., is barred by the statute of repose set forth in 735 ILCS 5/13-213.

WHEREFORE, the defendant, SHAFFER MANUFACTURING CORP., prays for judgment in its favor and against the plaintiff and for any other relief the court deems just and appropriate.

### THE DEFENDANT, SHAFFER MANUFACTURING CORP., DEMANDS A TRIAL BY JURY

Respectfully submitted,

THE HUNT LAW GROUP, LLC

By:   /s/ Brian J. Hunt
      Brian J. Hunt
      ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant, **Shaffer Manufacturing Corp.**
225 W. Washington Street – 18th Floor
Chicago, Illinois 60606
(312) 384-2300

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 16th day of May 2008, before 5:00 p.m.


/s/ Brian J. Hunt
BRIAN J. HUNT


THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    08 cv 02862 |
| | ) | |
| PEERLESS GROUP, INC., THE | ) | Honorable James B. Zagel |
| PEERLESS GROUP, PEERLESS | ) | |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, and, | ) | |
| in the alternative SHAFFER | ) | |
| MANUFACTURING CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT, SHAFFER MANUFACTURING CORP.'S
### AMENDED SPECIAL DEFENSES

Defendant, SHAFFER MANUFACTURING CORP. ("SHAFFER"), by its attorneys,

THE HUNT LAW GROUP, LLC, for its Amended Special Defenses to Plaintiff's Complaint at

Law, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      Count II of the Plaintiff's Complaint alleges a product liability action based upon

the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he

placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger

product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.      At all material times herein, 735 ILCS 5/13-213 of the Illinois Complied Statutes

governs the limitations periods for product liability actions.

3.      The Plaintiff was allegedly injured more than 12 years from the date of the first sale, lease or delivery of possession and/or more than 10 years from the date of the first sale, lease or delivery of possession to the initial user.

4.      Plaintiff's causes of action against Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, are barred by the statute of repose set forth in 735 ILCS 5/13-213.

WHEREFORE, for any and all of the foregoing reasons, Count II of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.


## SECOND AFFIRMATIVE DEFENSE

1.      Count II of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.      Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

a.      The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.      There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.      There were no adequate warnings as to the dangers of the machine;

d.      The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.    The Plaintiff's injuries were proximately caused by inherent propensities of the product which were or should have been obvious and generally appreciated by all persons including the Plaintiff.

WHEREFORE, for any and all of the foregoing reasons, Count II of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## THIRD AFFIRMATIVE DEFENSE

1.    Count II of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

  a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

  b.    There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

  c.    There were no adequate warnings as to the dangers of the machine;

  d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.    The Plaintiff voluntarily proceeded to encounter a known danger on the product in question.

4.    As a direct and proximate result of Plaintiff's assumption of risk, the Plaintiff was allegedly injured and damaged.  In the event that Plaintiff's assumption of risk is more than 50%

of the proximate cause of the injury or damage for which recovery is sought, Plaintiff is barred from recovering damages.

5.    In the event that the Plaintiff's contributory fault is 50% or less of the proximate cause of the injury or damage for which recovery is sought and the judgment entered in favor of the Plaintiff must be reduced in an amount commensurate with his relative degree of fault.

WHEREFORE, for any and all of the foregoing reasons, Count II of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## **FOURTH AFFIRMATIVE DEFENSE**

1.    Count II of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.    The Defendant was neither the manufacturer, supplier, distributor, wholesaler, retailer, or lesser or the allegedly defective, unsafe and unreasonably dangerous double arm mixer and therefore not amenable to suit under a products liability theory.

WHEREFORE, for any and all of the foregoing reasonable, Count II of Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## **FIFTH AFFIRMATIVE DEFENSE**

1.    Count II of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specially alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.    At all material times herein the Plaintiff misused the product in one or more of the following ways:

    a.    Improperly placed his hands into an area containing pinch points of which he was or should have been aware;

      b.      Improperly attempted to clean or otherwise maintain the subject machinery;

      c.      Failed to ascertain the safety and reasonableness of placing his hands in the mixer;

      d.      Failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

      e.      Was otherwise careless and negligent.

4.      The Plaintiff's misuse of the product was unintended or unforeseeable by the Defendant.

5.      As a proximate result of one or more of the foregoing misuses on behalf of the Plaintiff, the accident described in the Plaintiff's Complaint occurred.

WHEREFORE, for any and all of the foregoing reasons, Count II of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

1.      Count II of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.      Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

      a.      The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

      b.      There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.      There were no adequate warnings as to the dangers of the machine;

d.      The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.      The alleged conduct of the Defendant did not constitute a proximate cause of the Plaintiff's alleged injuries.

WHEREFORE, for any and all of the foregoing reasons, Count II of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

1.      Count I of the Plaintiff's Complaint sounds in negligence against the Defendant and arises out of an incident in which the Plaintiff alleges he was injured when high right hand was caught in a double arm mixer after Plaintiff attempted to place his hand through a 6 inch opening to alleviate clumps in brownie mix.

2.      The Plaintiff alleges that the Defendant designed and manufactured the commercial double arm mixer and at all times up to and including the time of the occurrence the mixer was not reasonably safe in design and manufacture in one or more of the following respects:

a.      Failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.      Failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.      Failed to provide or post adequate warnings to users as to the dangers of the machine;

d.      Failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

3.    At all times of the Plaintiff's incident there was in full force and effect a certain statute known as Ill. Rev. Stat., Ch. 110, §2-1116, said statute being effective as of November 25, 1986, which provides as follows:

> In all actions on account of bodily injury, death or physical damage to property based on negligence, or product liability based on strict tort liability, the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff <u>is</u> <u>more than fifty percent of the proximate cause of</u> the injury or damage for which the recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than fifty percent of the proximate cause of the injury or damage to which recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff (Emphasis added) (Ill. Rev. Stat., 1986, Ch. 110, §2-1116.)

4.    At the time of and/or immediately prior to the occurrence of which the Plaintiff complains, the Plaintiff was under a duty to act with due care for his own safety and in a manner so as not to injure or cause damage to himself.

5.    At the time of and/or immediately prior to the occurrence, the Plaintiff performed one or more of the following acts or omissions:

   a.    improperly placed his hands into an area containing pinch points of which he was or should have been aware;

   b.    improperly attempted to clean or otherwise maintain the subject machinery;

   c.    failed to ascertain the safety and reasonableness of placing his hands in the mixer;

   d.    failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

   e.    was otherwise careless and negligent.

6.      The foregoing acts or omissions of the Plaintiff are the sole proximate cause of the injuries and damages allegedly sustained by the Plaintiff; or alternatively, such acts or omissions of the Plaintiff were more than fifty percent (50%) of the proximate cause of any and all damages alleged to have been sustained by the Plaintiff.

7.      In the event that any of these Defendants are found liable for damages allegedly sustained by the Plaintiff, and that the Plaintiff is more than fifty percent (50%) at fault in causing the injuries, then the Plaintiff is barred from recovery.

8.      In the event that the Plaintiff's contributory fault is 50% or less of the proximate cause of the injury or damage for which recovery is sought, any judgment entered in favor of the Plaintiff must be reduced in an amount commensurate with his relative degree of fault.

WHEREFORE, the Defendant prays that the Plaintiff be barred from the recovery of any sum whatsoever pursuant to Ill. Rev. Stat., Ch. 110, §2-1116.

## EIGHTH AFFIRMATIVE DEFENSE

1.      Count I of Plaintiff's Complaint sounds in negligence against the Defendant and arises out of an incident in which the Plaintiff alleges he was injured when his right hand was caught in a double arm mixer after Plaintiff attempted to place his hand through a 6 inch opening to alleviate clumps in brownie mix.

2.      The Plaintiff alleges that the Defendant designed and manufactured the commercial double arm mixer and at all times up to and including the time of the occurrence the mixer was not reasonably safe in design and manufacture in one or more of the following respects:

a.      Failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

9

      b.     Failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

      c.     Failed to provide or post adequate warnings to users as to the dangers of the machine;

      d.     Failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

3.     At all relevant times there was in full force and effect a certain statute known as Ill. Rev. Stat., Ch. 110, §2-1117, said statute being effective as of November 25, 1986, which provides as follows:

> Except as provided in §2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, <u>is less than twenty-five percent of the total fault attributable to the plaintiff</u>, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all of the damages. Any defendant whose fault, as determined by the trier of fact, is twenty-five percent or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendants who could have been sued by the plaintiff, shall be jointly and severally liable for all other damages. (Emphasis added) (Ill. Rev. Stat., Ch. 110, §2-1117.)

4.     At the time of and/or immediately prior to the occurrence of which the Plaintiff complains, the Plaintiff was under a duty to act with due care for his own safety and in a manner so as not to injury or cause damage to himself.

5.     At the time of and/or immediately prior to the occurrence, the Plaintiff performed one or more of the following acts or omissions:

      a.     improperly placed his hands into an area containing pinch points of which he was or should have been aware;

      b.     improperly attempted to clean or otherwise maintain the subject machinery;

    c.      failed to ascertain the safety and reasonableness of placing his hands in the mixer;

    d.      failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

    e.      was otherwise careless and negligent.

6.     In the event that any of these Defendants are found liable for damages allegedly sustained by the Plaintiff, and any fault on behalf of any of these Defendants constitutes less than twenty-five percent of the total fault attributable to the Plaintiff, the defendants sued by the Plaintiff, and any third party defendant who could have been sued by the Plaintiff, that Defendant shall only be severally liable for the damages.

WHEREFORE, the Defendant prays that the judgment is entered against it and in favor of the Plaintiff, liability for which it denies, that said judgment be limited to the damages permitted by Ill. Rev. Stat., Ch. 110, §2-1117.

Respectfully submitted,

THE HUNT LAW GROUP, LLC

By:    /s/ Brian J. Hunt
        Brian J. Hunt
        ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant, **Shaffer Manufacturing Corp.**
225 W. Washington Street – 18th Floor
Chicago, Illinois 60606
(312) 384-2300