THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenneth Moore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 cv 02862 |
| ) | |
| Peerless Group, Inc., The Peerless Group, ) | Honorable James B. Zagel |
| Peerless Machinery Corp., Peerless ) | |
| Confection Company, ) | |
| ) | |
| and, in the alternative, ) | |
| ) | |
| Shaffer Manufacturing Corp, ) | |
| ) | |
| and, in the alternative, ) | |
| ) | |
| J.H. Day, Co., dba Littleford Day, Inc., ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT AT LAW

**NOW COMES** Plaintiff, KENNETH MOORE, by and through his attorneys Cochran, Cherry, Givens, Smith & Montgomery, LLC, and for his Complaint against the Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, hereinafter PEERLESS, and in the alternative SHAFFER MANUFACTURING CORP., hereinafter, SHAFFER, and in the alternative, J.H. DAY, Co., dba LITTLEFORD DAY, INC., hereinafter LITTLEFORD, and states as follows:

## PARTIES

1. At all relevant times, Plaintiff, KENNETH MOORE, was a resident of the City of Chicago, County of Cook, State of Illinois.

1

2. At all relevant times, Peerless, was a corporation, licensed, operating and doing business in the State of Illinois.

3. At all relevant times, Shaffer, was a corporation, licensed, operating and doing business in the State of Illinois.

4. Upon information and belief, at all relevant times, Littleford, was a corporation, licensed and operating in the State of Kentucky and doing business in the State of Illinois.

## COUNT I
## (NEGLIGENCE - PEERLESS)

5. That prior to November 10, 2006, Defendant, Peerless, designed, manufactured, and sold commercial-sized double arm mixers, including the browner mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

6. That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial sized brownie mixer to Guernsey Bel Seasonings, Inc.

7. Upon information and belief, sometime in March 2003, Kerry Inc. bought the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

8. That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial sized double arm mixer at 4300 S. Morgan, Chicago, Illinois to prepare a batch of brownies in the course of his daily work.

9. That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and

was completely amputated to the wrist from his body by the blades.

10. That the commercial-sized double arm mixer was designed and manufactured by the Defendant, Peerless, and at all times thereafter up to and including the time of the occurrence complained of, the mixer was not reasonably safe in design and manufacture in one or more the of the following respects, that the Defendant:

    a. failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b. failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c. failed to provide and post adequate warnings to users as to the dangers of the machine;

    d. failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

11. That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixers blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of

money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, for said damages including personal injury sustained as a result of the negligence of Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost of this action and any additional relief as the Court shall deem just and proper.

## COUNT II
### (STRICT LIABILITY - PEERLESS)

1- 4.   Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

5.   That on November 10, 2006, and for a long time prior to that date, the defendant, Peerless a corporation, was engaged in the business of manufacturing , for ultimate sale to other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for the purposes of making brownies.

6.   That on and prior to November 10, 2006, the Defendant, Peerless, manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

7.   That at the time the double arm mixer was manufactured by the Defendant, Peerless, the mixer was not reasonably safe for its intended use in that there was a 6in space between the mixing bowl and lid that could be accessed by the user and:

      a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

      b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

      c.    There were no adequate warnings as to the dangers of the machine;

      d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

8.    That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, Peerless.

9.    That the plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

10.    That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS

MACHINERY, CORP., PEERLESS CONFECTION COMPANY, for said damages including personal injury sustained as a result of the negligence of Defendant, PEERLESS GROUP, INC., THE PEERLESS GROUP, PEERLESS MACHINERY, CORP., PEERLESS CONFECTION COMPANY, in an amount that greatly exceeds the jurisdictional minimum of this Court, plus his cost of this action and any additional relief as the Court shall deem just and proper.

### COUNT III
### (NEGLIGENCE - SHAFFER)

1 - 4.   Plaintiff adopts and incorporates herein paragraphs 1, 2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

5.   That prior to November 10, 2006, Defendant, Shaffer, designed, manufactured, and sold commercial-sized double arm mixers, including the double arm mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

6.   That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial-sized double arm mixer to Guernsey Bel Seasonings, Inc.

7.   Upon information and belief, sometime in March 2003, Kerry Inc. purchased the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

8.   That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial-sized double arm mixer to prepare a batch of brownies as was his duties.

9.   That on November 10, 2006, Plaintiff, Kenneth Moore, placed his hand into the

mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

10. That the double arm mixer was designed and manufactured by the Defendant, Shaffer, and at all times thereafter, up to and including the time of the occurrence complained of, the double arm mixer was not reasonably safe in design and manufacture in one or more the of the following respects, that the Defendant:

  a. failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

  b. failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

  c. failed to provide and post adequate warnings to users as to the dangers of the machine;

  d. failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

11. That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixing machine blade and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation, and he has been and will be, deprived of large earnings and profits that he might otherwise have

made, and he has been and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, SHAFFER MANUFACTURING CORP. for said damages including personal injury sustained as a result of the negligence of Defendant, SHAFFER MANUFACTURING CORP., in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost of this action and any additional relief as the

## COUNT IV
### (STRICT LIABILITY - SHAFFER)

1- 4.　　Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

5.　　That on November 10, 2006, and for a long time prior to that date, the defendant, SHAFFER, a corporation, was engaged in the business of manufacturing , for ultimate sale to other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for the purposes of making brownies.

6.　　That on and prior to November 10, 2006, the Defendant, SHAFFER, manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

7.　　That at the time the double arm mixer was manufactured by the Defendant, SHAFFER, the mixer was not reasonably safe for its intended use in that there was a 6in space between the mixing bowl and lid that could be accessed by the user and:

      a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

      b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

      c.    There were no adequate warnings as to the dangers of the machine;

      d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

8. That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, SHAFFER.

9. That the Plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

10. That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, SHAFFER MANUFACTURING CORP., for said damages including

personal injury sustained as a result of the negligence of Defendant, SHAFFER MANUFACTURING CORP., in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost of this action and any additional relief as the Court shall deem just and proper.

## COUNT VI
## (NEGLIGENCE - LITTLEFORD)

1 - 4.    Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

5.    That prior to November 10, 2006, Defendant, LITTLEFORD, designed, manufactured, and sold commercial-sized double arm mixers, including the double arm mixer involved in the occurrence hereinafter complained of which bore no detectable serial numbers at the time of the incident complained of herein.

6.    That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial-sized double arm mixer to Guernsey Bel Seasonings, Inc.

7.    Upon information and belief, sometime in March 2003, Kerry Inc. purchased the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

8.    That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial-sized double arm mixer to prepare a batch of brownies as was his duties.

9.    That on November 10, 2006, Plaintiff, KENNETH MOORE, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer

and was completely amputated to the wrist from his body by the blades.

10. That the double arm mixer was designed and manufactured by the Defendant, LITTLEFORD, and at all times thereafter, up to and including the time of the occurrence complained of, the double arm mixer was not reasonably safe in design and manufacture in one or more the of the following respects, that the Defendant:

   a. failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

   b. failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

   c. failed to provide and post adequate warnings to users as to the dangers of the machine;

   d. failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

11. That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixing machine blade and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation, and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he has been and will be, compelled to expend or become liable for large sums of

money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, LITTLEFORD, for said damages including personal injury sustained as a result of the negligence of Defendant, LITTLEFORD, in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost of this action and any additional relief as the

**COUNT VII**
**(STRICT LIABILITY - LITTLEFORD)**

1- 4.  Plaintiff adopts and incorporates herein paragraphs 1,2, and 3 of above as though fully set forth herein as paragraphs 1, 2, and 3 of Count II.

5.  That on November 10, 2006, and for a long time prior to that date, the defendant, LITTLEFORD, a corporation, was engaged in the business of manufacturing , for ultimate sale to other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for the purposes of making brownies.

6.  That on and prior to November 10, 2006, the Defendant, LITTLEFORD, manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by Kerry Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

7.  That at the time the double arm mixer was manufactured by the Defendant, LITTLEFORD, the mixer was not reasonably safe for its intended use in that there was a 6in space between the mixing bowl and lid that could be accessed by the user and:

   a.  The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being

     caught in and injured by the rotating blades;

 b. There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

 c. There were no adequate warnings as to the dangers of the machine;

 d. The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

8. That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, LITTLEFORD.

9. That the Plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

10. That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiff's right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

**WHEREFORE** Plaintiff, KENNETH MOORE, prays for judgment in his favor and against Defendant, LITTLEFORD, for said damages including personal injury sustained as a result of the negligence of Defendant, LITTLEFORD, in an amount that greatly exceeds the jurisdictional minimum of this Court, plus the cost of this action and any additional relief as the

Court shall deem just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

BY: <u>/s/ Beverly P. Spearman</u>
One of Plaintiff's Attorneys

James D. Montgomery
Beverly P. Spearman
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
(312) 977-0200
(312) 977-0209 fax
Firm ID No. 37432