IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   08 cv 02862 |
| | ) | |
| PEERLESS GROUP, INC., THE | ) | Honorable James B. Zagel |
| PEERLESS GROUP, PEERLESS | ) | |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, and, | ) | |
| in the alternative SHAFFER | ) | |
| MANUFACTURING CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT, SHAFFER MANUFACTURING CORP.'S
AMENDED SPECIAL DEFENSES**

Defendant, SHAFFER MANUFACTURING CORP. ("SHAFFER"), by its attorneys, THE HUNT LAW GROUP, LLC, for its Amended Special Defenses to Plaintiff's Complaint at Law, states as follows:

**FIRST SPECIAL DEFENSE**

1.  Count IV of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.  At all material times herein, 735 ILCS 5/13-213 of the Illinois Complied Statutes governs the limitations periods for product liability actions.

3. The Plaintiff was allegedly injured more than 12 years from the date of the first sale, lease or delivery of possession and/or more than 10 years from the date of the first sale, lease or delivery of possession to the initial user.

4. Plaintiff's causes of action against Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, are barred by the statute of repose set forth in 735 ILCS 5/13-213.

WHEREFORE, for any and all of the foregoing reasons, Count IV of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## SECOND SPECIAL DEFENSE

1. Count IV of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2. Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

   a. The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

   b. There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

   c. There were no adequate warnings as to the dangers of the machine;

   d. The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3. The Plaintiff's injuries were proximately caused by inherent propensities of the product which were or should have been obvious and generally appreciated by all persons including the Plaintiff.

WHEREFORE, for any and all of the foregoing reasons, Count IV of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

### THIRD SPECIAL DEFENSE

1. Count IV of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2. Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

   a. The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

   b. There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

   c. There were no adequate warnings as to the dangers of the machine;

   d. The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3. The Plaintiff voluntarily proceeded to encounter a known danger on the product in question.

4. As a direct and proximate result of Plaintiff's assumption of risk, the Plaintiff was allegedly injured and damaged. In the event that Plaintiff's assumption of risk is more than 50%

3

of the proximate cause of the injury or damage for which recovery is sought, Plaintiff is barred from recovering damages.

5. In the event that the Plaintiff's contributory fault is 50% or less of the proximate cause of the injury or damage for which recovery is sought and the judgment entered in favor of the Plaintiff must be reduced in an amount commensurate with his relative degree of fault.

WHEREFORE, for any and all of the foregoing reasons, Count IV of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## FOURTH SPECIAL DEFENSE

1. Count IV of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2. Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

   a. The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

   b. There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

   c. There were no adequate warnings as to the dangers of the machine;

   d. The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

4

3. The Defendant was neither the manufacturer, supplier, distributor, wholesaler, retailer, or lesser or the allegedly defective, unsafe and unreasonably dangerous double arm mixer and therefore not amenable to suit under a products liability theory.

WHEREFORE, for any and all of the foregoing reasonable, Count IV of Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

### FIFTH SPECIAL DEFENSE

1. Count IV of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specially alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2. Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

   a. The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

   b. There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

   c. There were no adequate warnings as to the dangers of the machine;

   d. The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3. At all material times herein the Plaintiff misused the product in one or more of the following ways:

   a. Improperly placed his hands into an area containing pinch points of which he was or should have been aware;

b.  Improperly attempted to clean or otherwise maintain the subject machinery;

c.  Failed to ascertain the safety and reasonableness of placing his hands in the mixer;

d.  Failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

e.  Was otherwise careless and negligent.

4.  The Plaintiff's misuse of the product was unintended or unforeseeable by the Defendant.

5.  As a proximate result of one or more of the foregoing misuses on behalf of the Plaintiff, the accident described in the Plaintiff's Complaint occurred.

WHEREFORE, for any and all of the foregoing reasons, Count IV of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## SIXTH SPECIAL DEFENSE

1.  Count IV of the Plaintiff's Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.  Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

a.  The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.  There were no adequate devices to cut off and stop the rotation of those blades in an emergency situation;

6

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.    The alleged conduct of the Defendant did not constitute a proximate cause of the Plaintiff's alleged injuries.

WHEREFORE, for any and all of the foregoing reasons, Count IV of the Plaintiff's Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

### SEVENTH SPECIAL DEFENSE

1.    Count III of the Plaintiff's Complaint sounds in negligence against the Defendant and arises out of an incident in which the Plaintiff alleges he was injured when high right hand was caught in a double arm mixer after Plaintiff attempted to place his hand through a 6 inch opening to alleviate clumps in brownie mix.

2.    The Plaintiff alleges that the Defendant designed and manufactured the commercial double arm mixer and at all times up to and including the time of the occurrence the mixer was not reasonably safe in design and manufacture in one or more of the following respects:

    a.    Failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    Failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    Failed to provide or post adequate warnings to users as to the dangers of the machine;

    d.    Failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

3. At all times of the Plaintiff's incident there was in full force and effect a certain statute known as Ill. Rev. Stat., Ch. 110, §2-1116, said statute being effective as of November 25, 1986, which provides as follows:

> In all actions on account of bodily injury, death or physical damage to property based on negligence, or product liability based on strict tort liability, the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff <u>is more than fifty percent of the proximate cause of</u> the injury or damage for which the recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than fifty percent of the proximate cause of the injury or damage to which recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff (Emphasis added) (Ill. Rev. Stat., 1986, Ch. 110, §2-1116.)

4. At the time of and/or immediately prior to the occurrence of which the Plaintiff complains, the Plaintiff was under a duty to act with due care for his own safety and in a manner so as not to injure or cause damage to himself.

5. At the time of and/or immediately prior to the occurrence, the Plaintiff performed one or more of the following acts or omissions:

   a. improperly placed his hands into an area containing pinch points of which he was or should have been aware;

   b. improperly attempted to clean or otherwise maintain the subject machinery;

   c. failed to ascertain the safety and reasonableness of placing his hands in the mixer;

   d. failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

   e. was otherwise careless and negligent.

6.  The foregoing acts or omissions of the Plaintiff are the sole proximate cause of the injuries and damages allegedly sustained by the Plaintiff; or alternatively, such acts or omissions of the Plaintiff were more than fifty percent (50%) of the proximate cause of any and all damages alleged to have been sustained by the Plaintiff.

7.  In the event that any of these Defendants are found liable for damages allegedly sustained by the Plaintiff, and that the Plaintiff is more than fifty percent (50%) at fault in causing the injuries, then the Plaintiff is barred from recovery.

8.  In the event that the Plaintiff's contributory fault is 50% or less of the proximate cause of the injury or damage for which recovery is sought, any judgment entered in favor of the Plaintiff must be reduced in an amount commensurate with his relative degree of fault.

WHEREFORE, the Defendant prays that the Plaintiff be barred from the recovery of any sum whatsoever pursuant to Ill. Rev. Stat., Ch. 110, §2-1116.

### EIGHTH SPECIAL DEFENSE

1.  Count III of Plaintiff's Complaint sounds in negligence against the Defendant and arises out of an incident in which the Plaintiff alleges he was injured when his right hand was caught in a double arm mixer after Plaintiff attempted to place his hand through a 6 inch opening to alleviate clumps in brownie mix.

2.  The Plaintiff alleges that the Defendant designed and manufactured the commercial double arm mixer and at all times up to and including the time of the occurrence the mixer was not reasonably safe in design and manufacture in one or more of the following respects:

    a.  Failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

  b. Failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

  c. Failed to provide or post adequate warnings to users as to the dangers of the machine;

  d. Failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

 3. At all relevant times there was in full force and effect a certain statute known as Ill. Rev. Stat., Ch. 110, §2-1117, said statute being effective as of November 25, 1986, which provides as follows:

> Except as provided in §2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, <u>is less than twenty-five percent of the total fault attributable to the plaintiff</u>, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all of the damages. Any defendant whose fault, as determined by the trier of fact, is twenty-five percent or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendants who could have been sued by the plaintiff, shall be jointly and severally liable for all other damages. (Emphasis added) (Ill. Rev. Stat., Ch. 110, §2-1117.)

 4. At the time of and/or immediately prior to the occurrence of which the Plaintiff complains, the Plaintiff was under a duty to act with due care for his own safety and in a manner so as not to injury or cause damage to himself.

 5. At the time of and/or immediately prior to the occurrence, the Plaintiff performed one or more of the following acts or omissions:

  a. improperly placed his hands into an area containing pinch points of which he was or should have been aware;

  b. improperly attempted to clean or otherwise maintain the subject machinery;

    c.    failed to ascertain the safety and reasonableness of placing his hands in the mixer;

    d.    failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

    e.    was otherwise careless and negligent.

6. In the event that any of these Defendants are found liable for damages allegedly sustained by the Plaintiff, and any fault on behalf of any of these Defendants constitutes less than twenty-five percent of the total fault attributable to the Plaintiff, the defendants sued by the Plaintiff, and any third party defendant who could have been sued by the Plaintiff, that Defendant shall only be severally liable for the damages.

WHEREFORE, the Defendant prays that the judgment is entered against it and in favor of the Plaintiff, liability for which it denies, that said judgment be limited to the damages permitted by Ill. Rev. Stat., Ch. 110, §2-1117.

    Respectfully submitted,

    THE HUNT LAW GROUP, LLC

By:    /s/ Brian J. Hunt
        Brian J. Hunt
        ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant, **Shaffer Manufacturing Corp.**
225 W. Washington Street – 18th Floor
Chicago, Illinois 60606
(312) 384-2300

11

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 14th day of August, 2008, before 5:00 p.m.

                                                /s/ Brian J. Hunt
                                                BRIAN J. HUNT

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300