150-8006　　　　　　　　　　　　AMO:irh　　　　　　　　　　　　#91348

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| KENNETH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  08 cv 02862 |
| v. | ) | |
| | ) | Honorable James B. Zagel |
| PEERLESS GROUP, INC., THE | ) | |
| PEERLESS GROUP, PEERLESS | ) | Magistrate Judge: |
| MACHINERY CORP., PEERLESS | ) | |
| CONFECTION COMPANY, | ) | |
| | ) | |
| and, in the alternative, | ) | |
| | ) | |
| SHAFFER MANUFACTURING | ) | |
| CORP., | ) | |
| | ) | |
| Defendants. | | |

### NOTICE OF FILING

**To:**　　**See attached Services List:**

PLEASE TAKE NOTICE that on August 18, 2008, we caused to be filed with the United States District Court, Northern District of Illinois, **Defendant, Peerless Machinery Corporation d/b/a The Peerless Group's Amended Answer and Amended Affirmative Defenses to Plaintiff's Amended Complaint at Law,** a copy of which is attached hereto and is hereby served upon you.

By: s/ Scott R. Sinson

### PROOF OF SERVICE

The undersigned attorney certifies that I caused this notice and attached documents to be served by causing a copy to be mailed to the above-stated persons indicated by depositing the same in the U.S. Mail at 200 North LaSalle Street, Chicago, Illinois 60601 before 5:00 p.m. on August 18, 2008, with proper postage prepaid.

s/ Scott R. Sinson

BULLARO & CARTON, P.C.
200 North LaSalle Street. Suite 2500
Chicago, IL  60601
(312) 831-1000

*Kenneth Moore v. The Peerless Group and Shaffer Manufacturing Corp.*
*Cook County Case No.:        08 L 3437*
*Our File No.:              150-8006-1/107*

## SERVICE LIST

### Attorneys for Plaintiff
Ms. Beverly Spearman
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North LaSalle Street
Suite #2450
Chicago, Illinois  60602
(312) 977-0200
(312) 977-0209 - fax

### Attorneys for Shaffer Manufacturing Corp.
Ajay I. Patel
The Hunt Law Group, LLC
225 West Washington Street
18th Floor
Chicago, IL  60606
(312) 384-2300 – Main
(312) 384-2308 – Direct Line
(312) 443-9391 – Fax
apatel@hunt-lawgroup.com

150-8006                          AMO:irh                          #91348

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

KENNETH MOORE,                        )
              Plaintiff,            )
                                      )
    v.                              )    No.  08 cv 02862
                                      )
PEERLESS GROUP, INC., THE             )    Honorable James B. Zagel
PEERLESS GROUP, PEERLESS              )
MACHINERY CORP., PEERLESS             )
CONFECTION COMPANY,                   )
                                      )
and, in the alternative,              )
                                      )
SHAFFER MANUFACTURING                 )
CORP.,                                )
                                      )
and in the alternative,               )
                                      )
J.H. DAY, CO., d/b/a LITTLEFORD       )
DAY, INC.,                            )
                                      )
            Defendants.             )

### DEFENDANT, PEERLESS MACHINERY CORPORATION'S,
### d/b/a THE PEERLESS GROUP, ANSWER TO PLAINTIFF'S AMENDED
### COMPLAINT AT LAW

Defendant, PEERLESS MACHINERY CORP. d/b/a THE PEERLESS GROUP, by

and through its attorneys, **BULLARO & CARTON, P.C.**, and in response to Plaintiff's

Amended Complaint at Law states as follows:

### PARTIES

1.       At all relevant times, Plaintiff, KENNETH MOORE, was a resident of the City of

Chicago, County of Cook, State of Illinois.

> **ANSWER:    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same and demands strict proof thereof.**

2.     At all relevant times, Peerless, was a corporation, licensed, operating and

doing business in the State of Illinois.

> **ANSWER:    The Defendant admits that it was an Ohio corporation with its principal place of business in Sidney, Ohio which did business in Illinois but denies the remaining allegations contained in paragraph 2 and demands strict proof thereof.**

3.     At all relevant times, Shaffer, was a corporation, licensed, operating and

doing business in the State of Illinois.

> **ANSWER:    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 and therefore denies the same and demands strict proof thereof.**

4.     Upon information and belief, at all relevant times, Littleford, was a

corporation, licensed and operating in the State of Kentucky and doing business in the

State of Illinois.

> **ANSWER:    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 4 and therefore denies the same and demands strict proof thereof.**

## COUNT I
### (NEGLIGENCE-PEERLESS)

5.     That prior to November 10, 2006, Defendant, Peerless, designed,

manufactured, and sold commercial-sized double arm mixers, including the brownie

mixer involved in the occurrence hereinafter complained of which bore no detectable

serial numbers at the time of the incident complained of herein.

> **ANSWER:    The Defendant admits that it designed, sold and manufactured commercial mixers but denies the remaining allegations contained in paragraph 5 and demands strict proof thereof.**

6.    That prior to the date of the occurrence hereinafter complained of, the Defendant, Peerless, sold that commercial sized brownie mixer to Guernsey Bel Seasonings, Inc.

> **<u>ANSWER</u>:    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies the same and demands strict proof thereof.**

7.    Upon information belief, sometime in March 2003, Kerry, Inc. bought the factory and its equipment from Guernsey Bel, including the double arm mixer complained of herein.

> **<u>ANSWER</u>:    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 7 and therefore denies the same and demands strict proof thereof.**

8.    That on November 10, 2006, Plaintiff, KENNETH MOORE, was an employee of Kerry Ingredients and was using and operating the commercial sized double arm mixer at 4300 S. Morgan, Chicago, Illinois to prepare a batch of brownies in the course of his daily work.

> **<u>ANSWER</u>:    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 8 and therefore denies the same and demands strict proof thereof.**

9.    That on November 10, 2006, Plaintiff, KENNETH MOORE, placed his hand into the mixer to alleviate clumps in the brownie batter, and his right hand was caught in the mixer and was completely amputated to the wrist from his body by the blades.

**ANSWER:     The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 and therefore denies the same and demands strict proof thereof.**

10.     That the commercial-sized double arm mixer was designed and manufactured by the Defendant, Peerless, and at all times thereafter up to and including the time of the occurrence complained of, the mixer was not reasonable safe in design and manufacture in one or more of the following respects, that the Defendant:

    a.    failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    failed to provide and post adequate warnings to users as to the dangers of the machine;

    d.    failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

**ANSWER     The Defendant denies the allegations contained in paragraph 10 including subparagraphs (a) through (d) inclusive and demands strict proof thereof.**

11.     That on November 10, 2006, as a direct and proximate result of one or more of the foregoing defects, and in consequence thereof, Plaintiff, KENNETH MOORE'S, right hand was caught in the double arm mixers blades and with great force and violence, the blades completely severed his right hand from his body; that as a result of his injuries, he has suffered, and with reasonable certainty will continue to suffer great pain, and he has been permanently, and will be hindered from attending to his affairs and duties and from following his usual occupation and he has been and will be, deprived of large earnings and profits that he might otherwise have made, and he

has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

> **ANSWER:   The Defendant denies the allegations contained in paragraph 11 and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT II
### (STRICT LIABILITY - PEERLESS)

1- 4.    Plaintiff adopts and incorporates herein paragraphs 1, 2, 3, and 4 of above as though fully set forth herein as paragraphs 1, 2, 3 and 4 of Count II.

> **ANSWER:   The Defendant restates and re-alleges its answers to paragraphs 1-4 of this Amended Complaint.**

5.    That on November 10, 2006, and for a long time prior to that date, the defendant, Peerless, a corporation, was engaged in the business of manufacturing, for ultimate sale to other companies, a double arm mixer, including the mixer used by Kerry Ingredients, a corporation, for the purposes of making brownies.

> **ANSWER:   The Defendant admits that it manufactured and sold commercial mixers but denies the remaining allegations contained in paragraph 5 and demands strict proof thereof.**

6.    That on and prior to November 10, 2006, the Defendant, Peerless, manufactured and later sold the double arm mixer to Gurnsey Bel (later acquired by

Kerry Ingredients), who placed the mixer in use at its factory located at 4300 S. Morgan, Chicago, Illinois.

> **ANSWER:** **The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies the same and demands strict proof thereof.**

7.      That at the time the double arm mixer was manufactured by the Defendant, Peerless, the mixer was not reasonably safe for its intended use in that there was a 6 in space between the mixing bowl and lid that could be accessed by the user and:

> a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;
>
> b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;
>
> c.    There were no adequate warnings as to the dangers of the machine;
>
> d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

> **ANSWER:** **The Defendant denies the allegations contained in paragraph 7 including subparagraphs (a) through (d) inclusive and demands strict proof thereof.**

8.      That by reason of the foregoing the mixer was not reasonably safe for its intended use when it left the possession and control of the Defendant, Peerless.

> **ANSWER:** **The Defendant denies the allegations contained in paragraph 8 and demands strict proof thereof.**

9.      That the plaintiff, KENNETH MOORE was using the mixer and placed his hand through the 6 inch opening to alleviate clumps in the brownie mix and was injured.

> **ANSWER:   The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 and therefore denies the same and demands strict proof thereof.**

10.      That as a direct and proximate result of the condition of the mixer as aforesaid, the Plaintiffs right hand was caught in the double arm mixing machine blade and with great force and violence, completely severed his right hand from his body; that as a result of his injuries, he has suffered and with reasonable certainty will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation and he has been, and will be, deprived or large earnings and profits that he might otherwise have made, and he has been, and will be, compelled to expend or become liable for large sums of money for the care and treatment of his injuries.

> **ANSWER:   The Defendant denies the allegations contained in paragraph 10 and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT III
### (NEGLIGENCE - SHAFFER)

**The Defendant makes no answer to Count III as the allegations of Count III are not directed against this defendant and seek no relief from it. To the extent an answer is required or any allegation contained in Count III could be interpreted as being against this Defendant, this Defendant denies those allegations and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT IV
### (STRICT LIABILITY - SHAFFER)

**The Defendant makes no answer to Count IV as the allegations of Count IV are not directed against this defendant and seek no relief from it. To the extent an answer is required or any allegation contained in Count IV could be interpreted as being against this Defendant, this Defendant denies those allegations and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT VI
### (NEGLIGENCE – LITTLEFORD)

**The Defendant makes no answer to Count VI as the allegations of Count VI are not directed against this defendant and seek no relief from it. To the extent an answer is required or any allegation contained in Count VI could be**

interpreted as being against this Defendant, this Defendant denies those allegations and demands strict proof thereof.

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

## COUNT VII
### (STRICT LIABILITY – LITTLEFORD)

**The Defendant makes no answer to Count VII as the allegations of Count VII are not directed against this defendant and seek no relief from it. To the extent an answer is required or any allegation contained in Count VII could be interpreted as being against this Defendant, this Defendant denies those allegations and demands strict proof thereof.**

WHEREFORE, the Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, denies that the Plaintiff is entitled to recover any sum whatsoever of and from this Defendant and requesting trial by jury prays the entry of judgment in favor of this Defendant and against the Plaintiff with costs and charges in this behalf expended and have execution therefore.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted

**BULLARO & CARTON, P.C.**

By:  s/Scott R. Sinson
      Peerless Machinery Corp. d/b/a
      The Peerless Group

**BULLARO & CARTON, P.C.**
200 North LaSalle St. Ste. 2500
Chicago, Illinois  60601
(312) 831-1000

150-8006                          AMO:irh                          #91348
## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

KENNETH MOORE,                          )
                                        )
               Plaintiff,               )
                                        )    No.  08 cv 02862
        v.                              )
                                        )    Honorable James B. Zagel
PEERLESS GROUP, INC., THE               )
PEERLESS GROUP, PEERLESS                )
MACHINERY CORP., PEERLESS               )
CONFECTION COMPANY,                     )
                                        )
and, in the alternative,                )
                                        )
SHAFFER MANUFACTURING                   )
CORP.,                                  )
                                        )
and in the alternative,                 )
                                        )
J.H. DAY, CO., d/b/a LITTLEFORD         )
DAY, INC.,                              )
                                        )
               Defendants.              )

## DEFENDANT, PEERLESS MACHINERY CORPORATION'S, d/b/a THE PEERLESS GROUP, AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendant, PEERLESS MACHINERY CORP. d/b/a THE PEERLESS GROUP, by and through its attorneys, **BULLARO & CARTON, P.C.**, and for its Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      Count II of the Plaintiff's Amended Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the

Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    At all material times herein, 735 ILCS 5/13-213 of the Illinois Complied Statutes governs the limitations periods for product liability actions.

3.    The Plaintiff was allegedly injured more than 12 years from the date of the first sale, lease or delivery of possession and/or more than 10 years from the date of the first sale, lease or delivery of possession to the initial user.

4.    Plaintiff's causes of action against Defendant, PEERLESS MACHINERY CORPORATION, d/b/a THE PEERLESS GROUP, are barred by the statute of repose set forth in 735 ILCS 5/13-213.

WHEREFORE, for any and all the foregoing reasons, Count II of the Plaintiff's Amended Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## SECOND AFFIRMATIVE DEFENSE

1.    Count II of the Plaintiff's Amended Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and

lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

    3.    The Plaintiff's injuries were proximately caused by inherent propensities of the product which were or should have been obvious and generally appreciated by all persons including the Plaintiff.

WHEREFORE, for any and all the foregoing reasons, Count II of the Plaintiff's Amended Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## THIRD AFFIRMATIVE DEFENSE

    1.    Count II of the Plaintiff's Amended Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

    2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and

lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

    a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    There were no adequate warnings as to the dangers of the machine;

    d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

    3.    The Plaintiff voluntarily proceeded to encounter a known danger on the product in question.

    4.    As a direct and proximate result of Plaintiff's assumption of risk, the Plaintiff was allegedly injured and damaged. In the event that Plaintiff's assumption of risk is more than 50% of the proximate cause of the injury or damage for which recovery is sought, Plaintiff is barred from recovering damages.

    5.    In the event that the Plaintiff's contributory fault is 50% or less of the proximate cause of the injury or damage for which recovery is sought and the judgment entered in favor of the Plaintiff must be reduced in an amount commensurate with his relative degree of fault.

    WHEREFORE, for any and all the foregoing reasons, Count II of the Plaintiff's Amended Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## FOURTH AFFIRMATIVE DEFENSE

1.    Count II of the Plaintiff's Amended Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

      a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

      b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

      c.    There were no adequate warnings as to the dangers of the machine;

      d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.    The Defendant was neither the manufacturer, supplier, distributor, wholesaler, retailer, or lesser or the allegedly defective, unsafe and unreasonably dangerous double arm mixer and therefore not amenable to suit under a products liability theory.

WHEREFORE, for any and all the foregoing reasons, Count II of the Plaintiff's Amended Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

1.      Count II of the Plaintiff's Amended Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.      Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and lid that could be accessed by the user and was unreasonably dangerous in one or more of the following ways:

   a.    The double arm mixer was not equipped with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

   b.    There were not adequate devices to cut off and stop the rotation of those blades in an emergency situation;

   c.    There were no adequate warnings as to the dangers of the machine;

   d.    The instructions and labels furnished with the product were not in conformity with generally recognized standards in the industry.

3.      At all material times herein the Plaintiff misused the product in one or more the following ways:

a.    Improperly placed his hands into an area containing pinch points of which he was or should have been aware;

b.    Improperly attempted to clean or otherwise maintain the subject machinery;

c.    Failed to ascertain the safety and reasonableness of placing his hands in the mixer;

d.    Failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

e.    Was otherwise careless and negligent.

4.    The Plaintiff's misuse of the product was unintended or unforeseeable by the Defendant.

5.    As a proximate result of one or more of the foregoing misuses on behalf of the Plaintiff, the accident described in the Plaintiff's Amended Complaint occurred.

WHEREFORE, for any and all the foregoing reasons, Count II of the Plaintiff's Amended Complaint must be dismissed with prejudice and judgment entered in favor of this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

1.    Count II of the Plaintiff's Amended Complaint alleges a product liability action based upon the doctrine of strict liability in tort specifically alleging that the Plaintiff was injured when he placed his hand through a 6 inch space between the mixing bowl and the lid, as part of a larger product alleged to be a double arm mixer, in order to alleviate clumps in brownie mix.

2.    Plaintiff alleges that the commercial double arm mixer was not reasonably safe for its intended use in that there was a 6 inch space between the mixing bowl and

lid that could be accessed by the user and was unreasonably dangerous in one or more

of the following ways:

a.  The double arm mixer was not equipped with guards adequate to protect
users of the machine and prevent their hands from accidentally being
caught in and injured by the rotating blades;

b.  There were not adequate devices to cut off and stop the rotation of those
blades in an emergency situation;

c.  There were no adequate warnings as to the dangers of the machine;

d.  The instructions and labels furnished with the product were not in
conformity with generally recognized standards in the industry.

3.  The alleged conduct of the Defendant did not constitute a proximate cause

of the plaintiff's alleged injuries.

WHEREFORE, for any and all the foregoing reasons, Count II of the Plaintiff's

Amended Complaint must be dismissed with prejudice and judgment entered in favor

of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

1.  Count I of Plaintiff's Amended Complaint sounds in negligence against

the Defendant and arises out of an incident in which the Plaintiff alleges he was injured

when his right hand was caught in a double arm mixer after Plaintiff attempted to place

his hand through a 6 inch opening to alleviate clumps in brownie mix.

2.  The Plaintiff alleges that the Defendant designed and manufactured the

commercial double arm mixer and at all times up to and including the time of the

occurrence the mixer was not reasonably safe in design and manufacture in one or more

of the following respects:

    a.    Failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

    b.    Failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

    c.    Failed to provide or post adequate warnings to users as to the dangers of the machine;

    d.    Failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

    3.    At the time of the Plaintiff's incident there was in full force and effect a

certain statute known as Ill. Rev. Stat., Ch. 110, §2-1116, said statute being effective as of

November 25, 1986, which provides as follows:

> In all actions on account of bodily injury, death or physical damage to property based on negligence, or product liability based on strict tort liability, the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff <u>is more than fifty percent of the proximate cause of</u> the injury or damage for which the recovery is sought.  The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than fifty percent of the proximate cause of the injury or damage to which recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff.  (Emphasis added) (Ill. Rev. Stat., 1986, Ch. 110, § 2-1116.)

4.     At the time of and/or immediately prior to the occurrence of which the Plaintiff complains, the Plaintiff was under a duty to act with due care for his own safety and in a manner so as not to injure or cause damage to himself.

5.     At the time of and/or immediately prior to the occurrence, the Plaintiff performed one or more of the following acts or omissions:

       a.     improperly placed his hands into an area containing pinch points of which he was or should have been aware;

      b.    improperly attempted to clean or otherwise maintain the subject machinery;

      c.    failed to ascertain the safety and reasonableness of placing his hands in the mixer;

      d.    failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

      e.    was otherwise careless and negligent.

6.     The foregoing acts or omissions of the Plaintiff are the sole proximate cause of the injuries and damages allegedly sustained by the Plaintiff; or alternatively, such acts or omissions of the Plaintiff were more than fifty percent (50%) of the proximate cause of any and all damages alleged to have been sustained by the Plaintiff.

7.     In the event that any of these Defendants are found liable for damages allegedly sustained by the Plaintiff, and that the Plaintiff is more than fifty percent (50%) at fault in causing the injuries, then the Plaintiff is barred from recovery.

8.     In the event that the Plaintiff's contributory fault is 50% or less of the proximate cause of the injury or damage for which recovery is sought, any judgment

10

entered in favor of the plaintiff must be reduced in an amount commensurate with his relative degree of fault.

WHEREFORE, the Defendant prays that the plaintiff be barred from the recovery of any sum whatsoever pursuant to Ill. Rev. Stat., Ch. 110, § 2-1116.

## EIGHTH AFFIRATIVE DEFENSE

1.    Count I of Plaintiff's Amended Complaint sounds in negligence against the Defendant and arises out of an incident in which the Plaintiff alleges he was injured when his right hand was caught in a double arm mixer after Plaintiff attempted to place his hand through a 6 inch opening to alleviate clumps in brownie mix.

2.    The Plaintiff alleges that the Defendant designed and manufactured the commercial double arm mixer and at all times up to and including the time of the occurrence the mixer was not reasonably safe in design and manufacture in one or more of the following respects:

a.    Failed to equip the double arm mixer with guards adequate to protect users of the machine and prevent their hands from accidentally being caught in and injured by the rotating blades;

b.    Failed to ensure that there were adequate devices to cut off and stop the rotation of those blades in an emergency situation;

c.    Failed to provide or post adequate warnings to users as to the dangers of the machine;

d.    Failed to furnish instructions and labels with the product that were in conformity with generally recognized standards in the industry.

3.    At all relevant times there was in full force and effect a certain statute known as Ill. Rev. Stat., Ch. 110, § 2-1117, said statute being effective as of November 25, 1986, which provides as follows:

> Except as provided in § 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses.  Any defendant whose fault, as determined by the trier of fact, <u>is less than twenty-five percent of the total fault attributable to the plaintiff</u>, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all of the damages.   Any defendant whose fault, as determined by the trier of fact, is twenty-five percent or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendants who could have been sued by the plaintiff, shall be jointly and severally liable for all other damages. (Emphasis added) (Ill. Rev. Stat., Ch. 110, § 2-1117.)

4.    At the time of and/or immediately prior to the occurrence of which the Plaintiff complains, the Plaintiff was under a duty to act with due care for his own safety and in a manner so as not to injury or cause damage to himself.

5.    At the time of and/or immediately prior to the occurrence, the Plaintiff performed one or more of the following acts or omissions:

> a.    improperly placed his hands into an area containing pinch points of which he was or should have been aware;

> c.    improperly attempted to clean or otherwise maintain the subject machinery;

> d.    failed to ascertain the safety and reasonableness of placing his hands in the mixer;

e.    failed to ensure that the machine was properly de-energized before inserting his hands into the machinery; and

f.    was otherwise careless and negligent.

6.    In the event that any of these Defendants are found liable for damages allegedly sustained by the Plaintiff, and any fault on behalf of any of these Defendants constitutes less than twenty-five percent of the total fault attributable to the Plaintiff, the defendants sued by the Plaintiff, and any third party defendant who could have been sued by the Plaintiff, that Defendant shall only be severally liable for the damages.

WHEREFORE, the Defendant prays that the judgment is entered against it and in favor of the Plaintiff, liability for which it denies, that said judgment be limited to the damages permitted by Ill. Rev. Stat., Ch. 110, § 2-1117.

Respectfully submitted,

**BULLARO & CARTON, P.C.**

By: s/Scott R. Sinson
       Peerless Machinery Corp. d/b/a
       The Peerless Group

**BULLARO & CARTON, P.C.**
200 North LaSalle Street
Suite 2500
Chicago, Illinois  60601
(312) 831-1000
(f) (312) 831-0647